LE ROY MOWRY et al., Respondents, *v.* JESSE K. SANBORN, Appellant.

To give proceedings for the foreclosure of a mortgage by advertisement under the statute (2 R. S., 545, *et seq.*) any validity service of notice of foreclosure and sale upon the mortgagor, in the manner prescribed by the statute (§ 3), is absolutely necessary; and to give the affidavit of service required by the statute (§ 10), or its record or a certified copy thereof, the effect of presumptive evidence (§ 12), it must show such service.

In an action of ejectment wherein the plaintiff claimed title under a statutory foreclosure, the affidavit of service of notice upon the mortgagor was to the effect that it was served by mail, addressed to him at S., where, "as deponent is informed and believes," he at the time resided, *held* (EARL, C.. dissenting), that the affidavit did not furnish presumptive evidence of service ; that to have that effect the affidavit must be of a person who speaks from personal knowledge. Mere information and belief is insufficient.

As to whether, in such case, to sustain the proceedings, oral evidence may be given showing that the mortgagor did, at the time, reside at the place to which the notice was directed, *quære.*

(Argued January 15, 1875; decided May term, 1875.)

THIS was an action of ejectment. The plaintiffs claimed title under a mortgage foreclosure by advertisement alleged to have been conducted pursuant to the statute relating to foreclosures of that description. The mortgage was executed by the defendant and his wife to the plaintiff Mowry, as president of the Washington County Bank, organized under the general banking law of this State, and afterward became the property of the Washington County National Bank, of Greenwich, by assignment or operation of law, and by it attempted to be foreclosed, and on the sale the bank last named became the purchaser, and afterward conveyed the premises to the plaintiffs, who claimed title in fee, and brought ejectment to recover the possession. No question appears to have been made but that a default had occurred in the payment of the mortgage at the time the foreclosure proceedings were commenced. On the trial the plaintiff gave evidence of a conveyance of the premises to the defendant by George Bradley, in May, 1852, the mortgage dated July 7, 1857, and the foreclosure proceedings resulting in the sale on the 18th of July of the year 1868 ; and the possession of the defendant being admitted rested his case. It appeared by the recorded affidavit of service that the service of the notice of foreclosure was made by mail, inclosed by the attorney in envelopes prepaid, and deposited in the post-office, in Greenwich, on the 28th of June, 1868, with the address of the party for whom each particular notice was intended," and the affidavit of the attorney proceeds, " at that time each of the said per-

sons resided, as this deponent is informed and believes, at the respective places to which their said notices were so addressed." The address to the mortgagor was stated thus : "Jesse K. Sanborn, Sandy Hill, Washington county, N. Y." No other proof of service was made. The defendant moved to nonsuit the plaintiffs upon the ground, among others, that there was not sufficient proof of the service of the notice on the mortgagees at their place of residence, and that the affidavit only stating their residence, "as he is informed and believes," is insufficient, and no proof of service. The motion was denied and the counsel for the defendant duly excepted. Thereupon the court directed a verdict for the plaintiff, and to this direction exception was also duly taken. *Held* (EARL, C., dissenting), error ; that the affidavit furnished no evidence of a proper service of the notice, without which the foreclosure proceedings were invalid. The portion of the prevailing opinion upon this point is as follows :

"The statute authorizing foreclosures of the description now in question provides, among other things, for a personal service of the notice of foreclosure and sale, upon certain parties enumerated, of at least fourteen days before the day of sale, or by serving a copy of such notice upon said persons at least twenty-eight days prior to the time therein specified for the sale, by depositing the same in the post-office, properly folded and directed to said persons, at their respective places of residence. (2 R. S. [Edm. ed.], 565, § 3, sub. 3.) The tenth section of the same statute provides for affidavits of the publication and posting of the notice of sale, and that 'an affidavit of the serving of a copy of such notice on the persons entitled to service thereof, may be made by the persons who served the same.' These affidavits are, by sections 11 and 12 of the same statute, required to be filed and recorded, and the original affidavits, the record or certified copies of the record, are made presumptive evidence of the facts therein contained ; and it may be added that a foreclosure thus made, pursuant to the statute, is declared to be equivalent to a foreclosure and sale under the decree of a court of equity.

"It cannot be doubted but that the affidavits of service of the notice of foreclosure and sale allowed by the statute must

be made by a person who knows the fact required to be proved. The proving of an important fact by affidavits necessarily implies that the affiant has personal knowledge of the fact required to be verified by oath. In the present case the proper service of the notice of foreclosure and sale was vital and jurisdictional, and unless duly made the sale would be a nullity, and without the requisite proof of the fact in the affidavits of the proceedings to be made and recorded the record would be fatally defective.

" If the service of the notice is made personally the affidavits must be made by a person who knows the party to be the one intended to be served, as is required in the case of proof of service in an ordinary action, to show presumptive jurisdiction over the person of a defendant. If the service is made by mail it is absolutely essential that the notice be inclosed and directed to him at his place of residence, and no other direction will answer the requirement of the statute, and this fact must be proved by the affidavits of a person who has the requisite personal knowledge; and if this be not so the provisions of the statute, in respect to service and proof of service of the notice of foreclosure and sale, amount to a mere delusion and a snare.

" It may, as a general rule, be safely affirmed that, in the sense of the law, a general assertion of a fact in an affidavit upon information and belief proves nothing. A witness would not be allowed on the trial of a cause, in any court, to give evidence of a fact which he only knew from information derived from another, or which he simply believed to be true. The commonest process in our courts designed to affect the property or person of a party which do not issue, of course cannot be properly obtained upon sworn statements made upon information and belief only. And in cases of substituted service of any kind of process an order which in some cases may, by virtue of some statute, be obtained upon proof made upon information and belief, the sources of information and the grounds of belief must be specifically set forth to enable the judicial mind to determine whether the information and belief is well or ill-founded. Where the requisite service and proof is declared operative to divest the owner of

his title to real estate, it is entirely well settled that every provision of the statute must be complied with which may be of any 'semblance of benefit' to the party whose interest is to be affected. In this case the service of the notice of foreclosure and sale, in the manner required by the statute, upon the mortgagor was absolutely necessary to give the proceedings any validity, and the proof of the fact by the affidavit prescribed by the statute was equally essential to give it, or its record in the clerk's office, even the effect of presumptive evidence. Upon familiar principles it seems to be clear that, in this respect, the affidavit of the service of the notice of foreclosure and sale was fatally defective, and upon the proof presented at the Circuit inoperative to divest the title of the defendant.

"It is not necessary for us to determine whether or not, if the plaintiffs had given oral proof that the defendant did, in fact, reside at Sandy Hill when the notice, as directed, was mailed to him, the case would have been altered as no such proof was given or offered. The plaintiffs relied wholly upon the documentary evidence to maintain their title, and they must recover, if at all, upon its strength and validity as disclosed by their evidence. The defendant was under no obligation to give them any aid, and he was not required to show that he did not reside at Sandy Hill at the time stated. His defence may have been technical, but he had a perfect right to make it."

Other questions were discussed in the opinion, but were not concurred in by a majority of the commission.

*N. C. Moak* for the appellant.

*U. G. Paris* for the respondents.

REYNOLDS, C., reads for reversal. LOTT, Ch. C., and GRAY, C., concur in first ground discussed (as to sufficiency of affidavit). DWIGHT, C., concurs in second ground, without expressing opinion as to first.

EARL, C., dissents, reading opinion for affirmance.

Judgment reversed.