LE ROY MOWRY, JOHN T. MASTERS AND WARREN BRIGGS, APPELLANTS, v. JESSE K. SANBORN, RESPONDENT.

*Foreclosure by advertisement — 2 R. S., 547, § 14 — defects in affidavits required by — cannot be supplied by parol evidence.*

Under the provisions of the Revised Statutes providing for the foreclosure of mortgages by advertisement, defects in the affidavits, required by section 14 (2 R. S., 547), cannot be supplied by parol evidence.

Defects in other affidavits required in such proceedings, e. g., the affidavit of service of notice upon the mortgagor, may be so supplied.

Such affidavits are to be strictly construed.

APPEAL from a judgment in favor of the defendant, entered upon a nonsuit directed by the court.

The action was commenced March 16, 1871, to recover the possession of certain real estate in the village of Sandy Hill. The plaintiffs claimed title to the premises by virtue of a conveyance from the Washington County Bank, which had purchased them at a sale had under the foreclosure of a mortgage given to it by the defendant, dated July 7, 1857. Upon the first trial, in 1871, the plaintiff introduced in evidence a deed of the premises from George Bradley to the defendant, dated in 1852, and a mortgage thereof from him to the president of the bank, and also affidavits and papers showing the foreclosure of this mortgage by advertisement, and the conveyance of the premises to the bank and from it to the plaintiff. Judgment was entered in favor of the plaintiff, which was affirmed at the General Term (62 Barb., 223), but subsequently reversed in the Commission of Appeals (65 N. Y., 581), on the ground that the affidavit of service of notice of the foreclosure upon the mortgagor was defective, in that it stated that the deponent served the notice upon him by depositing it in the post-office, addressed " Jesse K. Sanborn, Sandy Hill, Washington county, N. Y.," and that " at that time each of said persons resided, as this deponent *is informed and believes*, at the respective places to which their said notices were so addressed;" the Commission of Appeals holding that the affidavit did not furnish presumptive evidence of service, and that to have that effect the affidavit must be of a person who speaks from

personal knowledge as to the residence of the persons served, mere knowledge and information being insufficient. The action was again tried June 29, 1875. Upon this trial the plaintiffs were allowed, against the defendant's objection and exception, to prove by parol, in connection with the affidavits of service, that the mortgagors did in fact reside at Sandy Hill, N. Y., at the time of the mailing of the notice. Upon an appeal from a second judgment in favor of the plaintiff, the General Term reversed it on the ground that this evidence was inadmissible. (7 Hun, 380.) Upon a further appeal to the Court of Appeals the latter court decided that oral evidence was admissible for this purpose, and directed a new trial.

Upon the third trial it was claimed by the defendant that the affidavit of publication was defective. The following is a copy of the affidavit, viz. :

" STATE OF NEW YORK, } ss. :
    " Washington County, }

" John M. Waterbury, of the town of Greenwich, county of Washington and State of New York, being duly sworn, deposeth and saith that he is the foreman of the printer of the newspaper called the People's Journal, a public newspaper printed and published in the county of Washington, where the premises described in the annexed printed notice of sale or a part thereof are situated. Deponent further says that the notice of the mortgage sale, of which a printed copy is hereto annexed, was published for twelve weeks successively, at least once in each week prior to the time specified in said notice for the sale of said premises, said publication having been commenced on the 23d day of April, in the year 1868, and continued for twelve weeks, at least, successively, at least once in each week.

                                        " JOHN M. WATERBURY.

" Subscribed and sworn to before me, }
    and certified by me, this 17th day of }
    July, 1868, }

                        " JAMES I. LOURIE,
                                " Notary Public."

Defendant's counsel objected to the affidavit, on the grounds that the affidavits of publication and sale were made before a notary

public, and such affidavits could only be made before a judge of a court of record, a commissioner of deeds or justice of the peace; that the affidavit of publication does not show or state any publication of the notice of sale in any public newspaper or in any newspaper, and does not show or state that the notice of sale was published in the newspaper called the People's Journal; that there is no sufficient affidavit to show any publication of notice of foreclosure or sale, and there is no affidavit on that subject that complies with the statute in that respect. Plaintiffs' counsel offered to show by parol evidence that the publication referred to in the affidavit was in fact made in the People's Journal, the paper referred to in the affidavit.

Defendant's counsel objected to the evidence offered upon the ground that it was incompetent and inadmissible. The court sustained the objection, and plaintiffs' counsel duly excepted.

*Samuel Hand,* for the appellants. The affidavit of Waterbury is sufficient proof of publication. (*Judd* v. *O'Brien,* 21 N. Y., 186; *George* v. *Arthur,* 2 Hun, 406; *Candee* v. *Burke,* 1 id., 546; *Howard* v. *Hatch,* 29 Barb., 297; Balcom, J., 62 id., 223–229.) The affidavit being required to be made by the foreman of the printer of the newspaper in which the notice was inserted, and to state the fact merely of publication, the statute was complied with, and any proof to *identify* the affiant as such printer, or the People's Journal as the newspaper in which the publication was made, if necessary, was proper and should have been admitted. (See Bookes, J., *Mowry* v. *Sanborn,* 7 Hun, 384; see Balcom, J., 62 Barb., 223; *Dwight* v. *Phillips,* 48 id., 116.)

*Hughes & Northup,* for the respondents. A foreclosure of a mortgage is a statutory proceeding, and the statute must be strictly pursued, and an omission to comply with any of its material requirements will render the foreclosure irregular and void. To be a valid foreclosure it must be "conducted as herein prescribed." (*Lawrence* v. *Farmers',* etc., 13 N. Y., 200; *Lockett* v. *Hill,* 1 Wood's C. C. R., 552; Potter's Dwarris, Rule 21, p. 146; *Powell* v. *Tuttle,* 3 N. Y., 396, 401; *Sharp* v. *Spear,* 4 Hill, 76, 84; *Thatcher* v. *Powell,* 6 Wheat., 119; S. C., 5 Pet. Con. R., 31; *Sherwood* v.

*Reade,* 4 Hill, 431, 434; *Bloom* v. *Burdick,* 1 id., 141; *Sharp* v. *Johnson,* 4 id., 92, 99; *Striker* v. *Kelley,* 2 Den., 323, 330; see, also, *Van Slyke* v. *Sheldon,* 9 Barb., 278; *Doughty* v. *Hope,* 3 Den., 594, 598; S. C., 1 N. Y., 79; *People* v. *Board of Police,* 6 Abb., 162, 164; *Stanton* v. *Ellis,* 12 N. Y., 575, 578; *Ex parte Bank of Monroe,* 7 Hill, 177, 179; 10 N. Y., 329, 330; 2 Robt., 153; 42 How., 116; 43 N. Y., 107, 121; 23 id., 285, 286; 12 Abb. [N. S.], 161, 169; 19 N. Y., 496; 39 id., 196, 369; 45 id., 781–784; see, also, opinion in this case of REYNOLDS, C.) The affidavits of a proper foreclosure, showing an *absolute* and *actual* compliance with the requirements of the statute, are the *title* of the purchaser, and if they are not made as provided for by the statute the purchaser acquires *no title.* (*Layman* v. *Whiting,* 20 Barb., 559; *People* v. *Becker,* 20 N. Y., 324.) The court properly excluded oral proof that notice was published in the People's Journal. Parol proof cannot be given to supply any defect in affidavits of publication, posting on court-house door, or of the sale. (*Arnot* v. *McClure,* 4 Den., 41; op. of Ct. of App. on second appeal.)

LEARNED, P. J.:

A statutory foreclosure is the execution of a power of sale given in the mortgage. The provisions of the statute, therefore, only regulate the execution of a power granted by the mortgagor. They do not (like some statutory proceedings) authorize the taking away of one's property without any authority from the owner.

It would seem reasonable, therefore, that proceedings taken under this statute should be sustained, when the power of sale has been fairly exercised; and that, in a court possessing common-law and equity jurisdiction, any apparent defects in the papers should be supplied by common-law proof if it could be given. (1 R. S. [m. p.], 737, § 152; 2 R. S. [m. p.], 547, § 14.) That statute enables purchasers for a valuable consideration to have relief in equity against a defective execution of a power.

But a different doctrine seems to have been established. (*Arnot* v. *McClure,* 4 Den., 44.) And when the present case was in the Commission of Appeals (65 N. Y., 581), a very strict rule of construing the affidavits, was adopted. On the second appeal, the Court of Appeals, with that decision before them and referring to

the same, practically adopted it; a minority only of the court expressing dissent therefrom.

And in the opinion then delivered, while the court limited the rule which excluded common-law proof, and held that it is not applicable to those affidavits which are not mentioned in section 14, they, by implication, left this rule in force as to those affidavits which are mentioned in that section. They say that oral proof was admissible, " unless the affidavit of service was a part of the statute conveyance provided for in section 14." From this it is to be inferred that oral evidence is not admissible to establish matters which should be in affidavits, which are a part of that statute conveyance.

The case then stands thus : The Commission of Appeals decided that these affidavits must be construed strictly. Applying that rule to the affidavit of publication, it is defective ; much more than the affidavit of service, which that court held to be bad. Former cases have held that common-law evidence, is not admissible to supply defects in the affidavits. The Court of Appeals have modified these decisions, by holding that such evidence is competent as to defects in the affidavits of service, because those are not mentioned in section 14. The affidavit of publication is mentioned in that section. And we therefore feel compelled to hold, whatever our own judgment might be, that the evidence offered was properly excluded. And that the judgment should be affirmed with costs.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment affirmed, with costs.