## GRINNELL et al. v. SHERMAN.

*(City Court of New York, Special Term.   September 6, 1890.)*

1. EXECUTION—SUPPLEMENTARY PROCEEDINGS—AFFIDAVIT.
   An affidavit for the examination of a third person in supplementary proceedings is sufficient under Code Civil Proc. N. Y. § 2441, which provides for such examination "upon proof by affidavit or other competent written evidence * * * that any person or corporation" has possession of any property of the judgment debtor, or is indebted to him, though such affidavit is made on information and belief.

2. SAME—COSTS.
   The costs of supplementary proceedings instituted for the purpose of examining a third person, as provided by Code Civil Proc. N. Y. § 2441, may be awarded against the judgment debtor, section 2455 providing that the costs in such cases may be allowed against "the judgment debtor, or other person against whom the special proceeding is instituted."

Action by Irving Grinnell and others against Roger M. Sherman. Plaintiffs, having recovered judgment against defendant, instituted supplementary proceedings. Defendant now moves to vacate an order for the examination of one Stewart L. Woodford, and also an order appointing a receiver of defendant's property. Code Civil Proc. N. Y. § 2441, provides that "upon proof by affidavit or other competent written evidence * * * that any person or corporation has personal property of the judgment debtor, exceeding ten dollars in value, or is indebted to him in a sum exceeding ten dollars, the judgment creditor is entitled to an order requiring that person or corporation to attend and be examined, concerning the debt or other property, at a time and place specified in the order." Section 2455 provides that costs in such cases may be awarded against "the judgment debtor, or other person against whom the special proceeding is instituted."

*Evarts, Choate & Beaman*, (Henry W. Harden, of counsel,) for plaintiffs. *Joseph A. Thompson*, for defendant.

GIEGERICH, J. It appears from the order appointing a receiver herein, as resettled, that the judgment debtor appeared in person before Mr. Justice VAN WYCK, who made the order in question, and objected to motion for the appointment of a receiver, on the grounds "that the affidavit of Mr. Cleveland, on which the third-person order against Mr. Woodford is based, is upon information and belief, without stating any sources or grounds therefor; that the Code requires proof, (section 2441;) that the affidavit is not evidence or proof of anything;" and said judgment debtor was heard in opposition to the motion in question, and who filed his affidavit, verified August 1, 1890, in opposition thereto. The judgment debtor now moves the court at special term, under section 2433 of the Code of Civil Procedure, to vacate the said order made by Mr. Justice VAN WYCK appointing a receiver, and to vacate the order upon which the proceeding was begun, for certain alleged irregularities and defects of jurisdiction in the affidavit upon which the same was made; also, in the alternative, that said order of Mr. Justice VAN WYCK be modified by striking out the provisions for the payment of costs, and the motion for an assignment by the judgment debtor to the receiver, which will be considered in the order in which they were raised.

It is urged by the judgment debtor that the affidavit upon which the order

for the examination of Mr. Woodford was granted is fatally defective, because "it was made upon information and belief by the attorney for said judgment creditors, without any statement of the sources of such information, or the grounds of such belief; and that no proof by affidavit or other competent written evidence appears to have been made for the granting of said order; also, for the reason that it does not appear from any such evidence, that the judgment upon which the same purports to be based was docketed, or that a transcript thereof was filed in the county clerk's office of any county in this state prior to the issue of any execution thereupon; also that it does not appear that said order required the examination of said Stewart L. Woodford in the county in which the judgment debtor resided at the time said order was made, or wherein he then had an office for the regular transaction of business in person; also that it did not then appear to said justice, by affidavit or other competent written evidence, that an execution had theretofore been issued upon said judgment to the county where said judgment debtor resided, or where he then had a place for the regular transaction of business in person." Substantially the same objections were presented to Mr. Justice VAN WYCK, who overruled the same, and I see no reason why his ruling should be disturbed. The *gravamen* of the objection is that the affidavit was made upon information and belief, as will be perceived upon perusal thereof, and which sets forth all the facts required by section 2441, Code Civil Proc. The precise question involved in this branch of the motion was passed upon by my lamented predecessor, Mr. Justice NEHRBAS, in *Tefft* v. *Epstein*, 7 N. Y. Supp. 897, who held, citing *Miller* v. *Adams*, 52 N. Y. 409, that an affidavit on information and belief merely was sufficient, and I regard these authorities as controlling.

The judgment debtor also contends that the provisions for the payment of $30 costs, by the said judgment debtor, should be stricken out from the said order of Mr. Justice VAN WYCK, "on the ground that said proceeding was instituted against a third person, and that such person, if any one, should pay the costs of such proceedings to the judgment creditors." There is no merit in the contention, and the costs were properly allowed under section 2455 of the Code.

The judgment herein has been affirmed by the general term of the court of common pleas, and, until it is reversed or set aside by a court of competent jurisdiction, it is binding upon the parties thereto, and it would be idle to pass upon the question presented by the judgment debtor in his brief, whether this court has power to grant judgment awarding moneys of the United States by "estoppel" or otherwise.

That branch of the motion to strike out, from the order appointing the receiver, the provision requiring said judgment debtor to execute an assignment to said receiver, has been obviated by the said order as resettled, which entirely omits therefrom all reference to the matters objected to. For the reasons above stated, the motion must be denied, with $10 costs.