---

(19 Misc. Rep. 667.)

### In re LESLIE.

#### (Onondaga County Court. March, 1897.)

SUPPLEMENTARY PROCEEDINGS—EXAMINATION OF THIRD PERSON—AFFIDAVIT.

An affidavit on information and belief, without stating the sources of the information, is not sufficient to authorize an order for the examination of a third person, and to restrain such third person from transferring or disposing of the property or money of the judgment debtor in his hands; Code Civ. Proc. §§ 2441, 2451, authorizing such order on proof of the requisite facts "by affidavit or other competent written evidence to the satisfaction of the judge."

Proceeding for the examination of David Y. Leslie in an action entitled "Bort J. Hall v. Samuel Street." A motion was made to vacate the order for the examination of said Leslie, on the ground that the affidavit was defective. Granted.

Goodelle & Nottingham, for judgment creditor.
Baldwin & Magee, for David Y. Leslie.

ROSS, J. The affidavit upon which the order for the examination of the third party was obtained alleges, upon information and belief, that David Y. Leslie, a third person, has property of the judgment debtor, and is indebted to him in a sum exceeding $10, but does not give the sources of such information. In the cases of Collins v. Beebe (Sup.) 7 N. Y. Supp. 442, and Leonard v. Bowman (Sup.) 15 N. Y. Supp. 822, cited by the attorneys for the third party, the affidavits did not state the facts upon which the affiant based his knowledge, and were also in the alternative, "that he has personal property, or is indebted to the," which fact weakens those cases as authorities upon the point in issue. Fleming v. Tourgee (Sup.) 16 N. Y. Supp. 2, was an appeal from an order denying an application to set aside an order adjudging a third person, Emma K.

Tourgee, to be in contempt for not appearing for examination on an order obtained pursuant to the provisions of section 2441 of the Code of Civil Procedure. It was claimed by the appellant that the special county judge who granted the original order had no jurisdiction to grant the same; the affidavit being upon information and belief only, without citing the sources of the affiant's information. The affidavit was also in the alternative. The court held, as was held by the court of appeals in the case of Miller v. Adams, 52 N. Y. 409,—to which allusion will be made further on,—that the order was not void, and, until set aside in a direct application made for that purpose, must be obeyed. In this respect, in view of the change in the language of section 294, Code Proc., which was in force at the time of the decision of Miller v. Adams, this authority is rather in favor of the position contended for by the judgment creditors herein, although Mr. Justice Macomber used the following language:

"The facts, being stated on information and belief only, in the affidavit for her examination, were insufficient to support the order made thereon, and such order would have been necessarily set aside on application to the judge who granted it. But no such application was made. The order, however, though supported by an insufficient affidavit, was not void; and consequently it was incumbent upon the appellant to obey the same, or to take proper steps to have it vacated."

This case, however, only decides that until the order is vacated it must be obeyed. It was, however, held in a special term case of People v. Jones, 1 Abb. N. C. 172, that an order obtained upon a similar affidavit conferred no jurisdiction upon the court. The case of Miller v. Adams, 52 N. Y. 409, cited by the attorneys for the judgment creditors, was an action for false imprisonment. The defendant had recovered a judgment against one Thompson, and had obtained an order to examine the plaintiff, the third party, under section 294, Code Proc. The affidavit was similar to the affidavit herein, and, upon the failure of the plaintiff to appear, an attachment was issued, which was the false imprisonment complained of. It was claimed that the affidavit conferred no jurisdiction. This view was not taken by the court of appeals, and it was held that the affidavit conferred jurisdiction. Grover, J., however, on pages 415 and 416, used this language:

"An examination of the question has led me to the conclusion that all that is required by section 294 of the Code is an affidavit stating the possession of the property of, or indebtedness to, the debtor, upon information and belief, and that such affidavit would be held sufficient upon direct application to set aside the order founded thereon; but, as it is unnecessary to determine this question in this case, I shall not discuss it, nor is it passed upon by the court."

There is a difference in the language of section 294, Code Proc., and section 2441, Code Civ. Proc. In the former, "* * * and upon an affidavit that any person or corporation has property of such judgment debtor or is indebted to him in an amount exceeding $10 * * *." In the latter, "upon proof by affidavit, or other competent written evidence, to the satisfaction of the judge that * * *." The difference in the language is material, and would seem to impose upon the judge granting the order the duty of determining that there is at least prima facie proof that the third

party has property, etc.,—that duty which Mr. Judge Grover said, in the case of Miller v. Adams, that he need not determine. The language of section 2441 seems to impose upon the judge granting the order the further duty which Mr. Judge Grover, in the Miller Case, said existed in the cases therein referred to; being cases of an attachment against an absconding debtor, and an attachment against a nonresident debtor. In view of the change in the language of the section, it is at least doubtful whether the Miller Case would now be an authority upon the question of jurisdiction, if that issue were presented. In Mowry v. Sanborn, 65 N. Y. 581, it was said, "It may, as a general rule, be safely affirmed that, in the sense of the law, a general assertion of a fact in an affidavit upon information and belief proves nothing"; and in Roderigas v. Savings Inst., 76 N. Y. 323, "Mere information and belief, without any reasons for it, is not proof or evidence, in any legal sense." The cases of Tefft v. Epstein (City Ct. N. Y.) 7 N. Y. Supp. 897, and Grinnel v. Sherman (City Ct. N. Y.) 11 N. Y. Supp. 682, decided at a special term of the city court of New York, followed the obiter remark of Mr. Judge Grover in the Miller Case. Section 557 of the Code of Civil Procedure states the proof necessary to obtain an order of arrest in a civil action: "* * * Where it appears by the affidavit of the plaintiff or any other person that a sufficient cause of action exists, * * *" It has been held under this section, again and again, that, if the affidavit is made upon information and belief, the sources of the affiant's information should be given, and the reasons, if the information was derived from any person, why the affidavit was not made by such person. Martin v. Gross (Super. N. Y.) 4 N. Y. Supp. 337. The same is also true of section 604, in relation to the proof required to warrant the granting of an injunction order. Campbell v. Morrison, 7 Paige, 157; Bank v. Skinner, 9 Paige, 305. The language of section 636, Code Civ. Proc., relating to the proof required to justify the granting of a warrant of attachment, is very similar to the language of section 2441; the former being, "To entitle the plaintiff to such a warrant he must show, by affidavit, to the satisfaction of the judge * * *"; the latter, "Upon proof by affidavit * * * to the satisfaction of the judge that * * *"; both requiring not only proof, but proof of a similar character, and a determination and decision by the judge. And under section 636 it has been held, so frequently as to require no citations of authorities, that an affidavit upon information and belief only is insufficient. So, in a criminal case, an information upon information and belief only is insufficient. Blodgett v. Race, 18 Hun, 132. Bockes, J., says, "Facts and circumstances, stated on information and belief only, without giving any sufficient grounds on which to base the belief, are insufficient to confer jurisdiction as to the person."

There is, however, another view of this case, not yet considered. The order sought to be vacated contains an injunction order prohibiting the third party from making or suffering any transfers, etc., of the property of the judgment debtor. This order could only be obtained under the provisions of section 2451, Code Civ.

Proc., which permits an injunction order restraining any person, whether a party or not, from any interference with the property of the judgment debtor, and may be granted simultaneously with an order by which the special proceeding is instituted, and upon the same paper, or may be granted afterwards "upon an affidavit showing sufficient grounds therefor." This section is substituted for a part of the former sections 298, 299, Code Proc., which give no express authority in the first instance to restrain a third party. See Rid. Supp. Proc. 177. So that the proof required must be sufficient to entitle a judgment creditor to the relief sought under section 2451, as well as under section 2441. In other words, in addition to performing the simple office of a subpœna, the order in question is an injunction against the person who, if the affidavit is true, is only a bailee or debtor of the judgment debtor, and who is not interested in the controversy. To entitle a judgment creditor to such relief,—to an order compelling a third person to attend at a time and place arbitrarily named, and submit to an examination, and in the meantime restraining him from disposing of property belonging to the judgment debtor, and also prohibiting him from paying to the judgment debtor any moneys due the latter,—it should only be granted upon legal proof; some proof upon which the judge granting can act, and determine that at least there is presumptive evidence of the jurisdictional facts. The judgment creditor can compel a disclosure by the judgment debtor of all matters within his knowledge, and can issue subpœnas and examine witnesses; and after such examination, if the sources of the judgment creditor's information are so intangible and shadowy as not to be set forth, a presumably disinterested third party should not be subjected to such an examination. The motion to set aside the order is granted, but, under the conditions of the authorities as herein set forth, without costs.

Motion granted, without costs.