## PIERCE v. PARISH.

(Supreme Court, Appellate Division, Fourth Department.   March 26, 1898.)

1. SUPPLEMENTARY PROCEEDINGS—DEFECTIVE AFFIDAVIT.
     Under Code Civ. Proc. § 2441, entitling a judgment creditor to an order re-
     quiring the examination of a third person in supplementary proceedings, upon
     affidavit that he has personal property of the judgment debtor exceeding $10
     in value, an affidavit made upon information and belief, without disclosing the
     sources of the information, is insufficient.

2. SAME—EFFECT ON ORDER.
     An order requiring a third person to appear and be examined concerning a
     judgment debtor's property in her possession, and prohibiting any disposition
     thereof, although made upon a defective affidavit, is effective until vacated.

Appeal from special term, Monroe county.

Supplementary proceedings by George W. Pierce against W. Scott
Parish.   From an order requiring Emma E. Parish to be examined as
to property in her possession belonging to the judgment debtor, she
appeals.   Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN,
and WARD, JJ.

Henry M. Field, for appellant.
E. W. Gardner, for respondent.

WARD, J.   George W. Pierce, the respondent, on the 16th day of
October, 1897, recovered a judgment for $934.91 against W. Scott
Parish, the husband of the appellant.   Execution was issued upon
that judgment, and returned unsatisfied, and supplementary proceed-
ings were instituted in the proper county against the defendant in
the judgment, and it was sought in those proceedings by the plaintiff
to reach certain property that was claimed to belong to the defend-
ant that was in the possession of Emma E. Parish; and the plaintiff
in the judgment, George W. Pierce, presented to the county judge
of Ontario county an affidavit, which, after reciting the proceedings
in the action, and the return of the execution unsatisfied, proceeded
as follows:

"Deponent further says upon information and belief that Emma E. Parish, of
the town of Canandaigua, N. Y., has personal property of the said judgment
debtor exceeding ten dollars in value, which has been fraudulently transferred
to her by chattel mortgage, and that no previous application has been made here-
in for an order to examine said third party.  Said personal property consists in
part of about 350 sheep, and about 50 tons of hay, oats grown on 22 acres,
barley grown on 20 acres, straw, corn, hay, scales, wagons, farming tools, and
a large quantity of other personal property."

Upon this affidavit the county judge issued an order requiring Mrs.
Parish to attend and be examined before a referee concerning the
property of W. Scott Parish that is alleged that was held by her;
and said order further provided that she should not make any trans-
fer or disposition of, or interference with, the property of W. Scott
Parish, or in which he had any interest, legal or equitable, and not
exempt from execution, until further ordered.   The appellant moved

to vacate this order at a special term of the supreme court as being irregular, illegal, and improper, the chief ground being that the affidavit upon which the order was granted was insufficient, it being made upon information and belief, without stating the sources of the same. This motion was denied, and later on the appellant applied to the same special term, and moved to vacate the order of the county judge, or for a modification thereof to relieve the appellant from the injunction portion of the order, so that she could dispose of certain property which she claimed it was necessary to sell. This motion was denied, and appeal is taken from both orders.

The affidavit of the judgment creditor is the only foundation for the proceeding against the appellant as a third person claimed to have property of the judgment debtor. The jurisdictional facts required by section 2441 of the Code of Civil Procedure, which authorizes the issuing of an order where a "person or corporation has personal property of the judgment debtor exceeding ten dollars in value, or is indebted to him in a sum exceeding ten dollars," are only stated in the affidavit upon information and belief. This is irregular and insufficient unless the sources of the information and belief appear in the affidavit, so that the court may judge of the sufficiency and strength of the belief of the affiant. This is a general rule pertaining to all affidavits upon which it is sought to obtain attachment, injunction, and other important orders, and is applicable to proceedings supplementary to execution. Fleming v. Tourgee (Sup.) 16 N. Y. Supp. 2, affirmed (N. Y. Ct. App.) 32 N. E. 1015; Ammon v. Kellar, 21 Misc. Rep. 442, 47 N. Y. Supp. 595; Mowry v. Sanborn, 65 N. Y. 583, 584; Bank v. Alberger, 78 N. Y. 252; Roderigas v. Savings Inst., 76 N. Y. 323. The order being granted upon an insufficient affidavit, the special term should have vacated it, and it follows from that that the second order falls with it. We do not hold that the order was void. It probably should have been obeyed by Mrs. Parish until it was vacated.

We think both orders should be reversed, with costs in the first case of $10 and disbursements. All concur, except ADAMS, J., not voting.