HENRY T. CLARKE V. NEBRASKA NATIONAL BANK.

FILED JANUARY 5, 1899.   No. 8590.

1. **Proceeding in Aid of Execution: Insufficient Affidavit: Vacating Order.** An order for the examination of a judgment debtor and his debtors in aid of execution in pursuance of sections 534 and 538 of the Code of Civil Procedure, will be vacated when procured solely on an affidavit wherein the averments are upon information and belief, especially when the sources of the information and the grounds of the affiant's belief are not disclosed.

2. ———: **Affidavit.** The facts in an affidavit for such an order should be set forth by positive averments, and not upon information and belief.

ERROR from the district court of Douglas county. Tried below before SLABAUGH, J.   *Reversed.*

*John L. Webster*, for plaintiff in error.

*Warren Switzler*, contra.

Norval, J.

An opinion was filed herein at the September term, 1896, denying a motion to dismiss made on the ground that the order sought to be reviewed was not a final order within the meaning of section 581 of the Code of Civil Procedure. (*Clarke v. Nebraska Nat. Bank*, 49 Neb. 800.) This submission is upon the merits. The Nebraska National Bank, on April 10, 1896, obtained a judgment in the district court of Douglas county against Henry T. Clarke and William E. Clarke for $12,843.75, besides costs. On April 11, 1896, an execution was issued thereon, which was returned by the sheriff wholly unsatisfied. During the same month and year an alias execution was issued on said judgment, and while the same remained in the hands of the sheriff wholly unsatisfied there was filed with the clerk of the court below the affidavit of Lewis S. Reed, the cashier of said bank, to institute proceedings in aid of execution. This affidavit is entitled in the cause in which the judgment was entered, and, after setting forth the facts already narrated, continues thus: "Affiant further says that said defendants have not personal or real property subject to levy or execution sufficient to satisfy the said judgment. Affiant further says that the said defendants are residents of Douglas county, Nebraska, and that said defendant Henry T. Clarke has property, as affiant believes and has reason to believe, which he unjustly refuses to apply upon said judgment. Affiant further says that he believes, and has reason to believe, that the First National Bank of Omaha, * * * John T. Clarke, and A. M. Clarke, and each of them, have property of the judgment debtor, Henry T. Clarke, and are indebted to said judgment debtor Henry T. Clarke, and further affiant sayeth not." The district court on the same day made an order requiring Henry T. Clarke and the persons and corporations named in the affidavit to appear at a time and place designated and make answer under oath to

all such questions as should be propounded to them relative to the property of said Henry T. Clarke. The latter moved to vacate the said order for examination, on the ground that the affidavit therefor was insufficient to justify the said order, which motion was denied, and this ruling is now before us for review.

The affidavit of Lewis S. Reed is assailed upon three grounds, only one of which will be noticed, namely, that the averments therein having been made upon information and belief without disclosing the sources of the affiant's information or the grounds for his belief, render the affidavit fatally defective. The proceeding below was instituted under sections 532-549 of the Code of Civil Procedure. Sections 533, 534, and 538 of said Code read as follows:

"Sec. 533. When an execution against the property of a judgment debtor, or one of the several debtors in the same judgment, is issued to the sheriff of a county where he resides, or, if he do not reside in the state, to the sheriff of the county where the judgment was rendered, or a transcript of a justice's judgment has been filed, is returned unsatisfied in whole or in part, the judgment creditor is entitled to an order from a probate judge or a judge of the district court of the county to which the execution was issued, requiring such debtor to appear and answer concerning his property, before such judge, or referee appointed by such judge, at a time and place specified in such order, within the county to which the execution was issued.

"Sec. 534. After the issuing of an execution against property, and upon proof by affidavit of the judgment creditor or otherwise, to the satisfaction of the district court, or a judge thereof, or a probate judge of the county in which the order may be served, that the judgment debtor has property which he unjustly refuses to apply towards the satisfaction of the judgment, such court or judge may, by order, require the judgment debtor to appear at a time and place in said county to answer con-

cerning the same. And such proceedings may thereupon be had for the application of the property of the judgment debtor towards the satisfaction of the judgment as are prescribed in this chapter."

"Sec. 538. After the issuing or return of an execution against property of the judgment debtor, or of any one of several debtors in the same judgment, and upon proof by affidavit or otherwise, to the satisfaction of the judge, that any person or corporation has property of such judgment debtor, or is indebted to him, the judge may, by an order, require such person or corporation, or any officer or member thereof, to appear, at a specified time and place, within the county in which such person or corporation may be served with the order to answer; and answer concerning the same. The judge may also, in his discretion, require notice of such proceeding to be given to any party in the action in such manner as may seem to him proper."

These sections were adopted by the territorial legislature of 1858, and have remained upon the statute book until the present time, although in the various published statutes section 534 has not always been printed the same. In the Revised Statutes of 1866 and the several editions of the Compiled Statutes said section is printed to read "such court or judge may by order require the judgment creditor to appear," etc., while in the Session Laws of 1859 (p. 188, sec. 474), the year said section was enacted as a law, and also in the General Statutes of 1873, the section is published precisely as quoted above. The original enrolled bill on file in the office of the secretary of state we have not examined. Manifestly the legislature intended to provide for the examination of the judgment debtor, and not his creditor, and for the purpose of the present investigation we shall so construe the section.

It is insisted by counsel for the bank that no affidavit was necessary to obtain an order for the examination of Henry T. Clarke, since one execution which had been

issued on the judgment had been returned unsatisfied. This argument is based upon the wording of section 533, which provides for the examination of a judgment debtor when an execution against his property has been returned unsatisfied in whole or in part, and contains no expression, as is found in sections 534 and 538, that the order for examination may be issued after satisfactory proof "by affidavit of the judgment creditor or otherwise" or "by affidavit [of the party], or otherwise." In our view it is unnecessary to determine in this cause whether the order requiring the debtor to appear and make disclosure must be based upon competent proof in the form of an affidavit or other testimony, because it is very evident that this proceeding was not instituted under said section, but under sections 534 and 538 of said Code. The last section, it will be observed, relates to the examination of the judgment debtor's debtor, and section 534 makes provision for the examination of the judgment debtor when execution has been issued and no return thereof has been made. Section 533 authorizes the making of the order only after the return of the execution in whole or in part unsatisfied, and section 534 allows the order to be issued where no return of the execution has been made. Had the bank desired to proceed under the former section, no alias execution should have been taken out, but having caused it to issue, it must comply with the provisions contained in section 534, which in clear and unmistakable terms require that the order for examination must be made upon proof by affidavit or otherwise, to the satisfaction of the court or judge, that the judgment debtor has property which he unjustly refuses to apply on the judgment.

The order for examination refers to the affidavit of Lewis S. Reed, and makes the same a part thereof by such reference, and it not being disclosed from the face of such order, or evidence *aliunde*, that it was predicated upon evidence other than said affidavit, no other inference is permissible than that the affidavit, and nothing

else, was the foundation of the proceeding, and that the order of examination was based thereon.

We will now consider the sufficiency of the affidavit. It cannot escape observation that more than one of the material averments therein are not sworn to positively, but are in express terms made upon the mere belief of the affiant. Then it is not alleged as a fact that Henry T. Clarke has property which he unjustly refuses to apply on the judgment, but merely "as affiant believes, and has reason to believe," and in the same manner it is stated that the several persons and corporations named in the affidavit have property of the judgment debtor or are indebted to them. At no place in the affidavit is the source of the information from which the affiant formed his belief of the matters alleged, nor is a single fact alleged from which it could be inferred that Clarke has property which he unjustly refused to have applied on the judgment in question, or that any one of the persons or corporations designated in the affidavit is his debtor. The statute does not say that the order for examination may issue upon an affidavit made upon information and belief, but before the order can go, it is required to be established to the satisfaction of the court or judge by affidavit of the judgment creditor or otherwise that the statutory grounds exist for the issuance of the order. An affidavit made upon information and belief merely, or upon the belief of the affiant, does not meet the requirements of sections 534 and 538. This view is strengthened by the consideration of section 244 of the Code of Civil Procedure relating to the issuance of summons in garnishment. That section expressly provides that the summons shall issue when an affidavit is filed by the execution creditor, his agent or attorney, stating "that he has good reason to and does believe that any person or corporation (naming them) have property of and are indebted to the judgment debtor." Under this section mere belief is all that is required of the affiant. (*Burnham v. Doolittle*, 14 Neb. 214.) Had the legislature

intended that an order requiring an examination of a judgment debtor may issue upon an affidavit made upon the belief of affiant, doubtless the statute in express terms would have so provided, especially as the law-making body was careful to insert a provision in section 244 of said Code authorizing an affidavit to be made thereunder upon belief, or when the affiant entertains good reason to believe his averments. In other jurisdictions it has been decided that an affidavit for attachment is insufficient when made on information and belief. (*Dunlcy v. Schwartz*, 17 O. St. 640; *Garner v. White*, 23 O. St. 192; *Archer v. Claflin*, 31 Ill. 306; *Wilson v. Arnold*, 5 Mich. 98; *Pierse v. Smith*, 1 Minn. 82; *Neal v. Gordon*, 60 Ga. 112; *Greene v. Tripp*, 11 R. I. 424; *Steuben County Bank v. Alberger*, 78 N. Y. 252; *Bray v. McClury*, 55 Mo. 128.) It has been ruled that in an affidavit of merits in support of a motion to open a default the averments should be positive, and not upon information and belief. (*Hitchcock v. Herzer*, 90 Ill. 543; *Brown v. Cowee*, 2 Doug. [Mich.] 432; *Adamson v. Wood*, 5 Blackf. [Ind.] 448; *Jenkins v. Gamewell Fire Alarm Telegraph Co.*, 31 Pac. Rep. [Cal.] 570.) An application for a change of venue based solely on an affidavit in which the statements therein are made upon belief is fatally defective. (*McCormick Harvesting Machine Co. v. Hayes*, 53 Pac. Rep. [Kan.] 70.) And the same rule ought to and does apply to an affidavit made under section 534 of the Code of Civil Procedure. It requires proof to be made to the satisfaction of the court or judge before the order for examination of the judgment debtor shall issue. How can a court or judge be satisfied that a "judgment debtor has property which he unjustly refuses to apply towards the satisfaction of the judgment" upon mere statements contained in an affidavit made upon belief? If a witness should in an oral examination testify to matters upon information and belief, his evidence would be disregarded, because it would prove nothing, and the same rule applies to affidavits made upon information and belief, unless

the statute clearly permits them to be so made, at least, where the grounds of the belief and the source of the information are not stated in the affidavit. In the language employed by the court in the opinion in *Mowry v. Sanborn*, 65 N. Y. 581: "It may, as a general rule, be safely affirmed that, in the sense of the law, a general assertion of a fact in an affidavit upon information and belief proves nothing. A witness would not be allowed on the trial of a cause, in any court, to give evidence of a fact which he only knew from information derived from another, or which he simply believed to be true. The commonest process in our courts designed to affect the property or person of a party, which do not issue of course, cannot be properly obtained upon sworn statements made upon information and belief only. And in cases of substituted service of any kind of process an order which in some cases may, by virtue of some statute, be obtained upon proof made upon information and belief, the sources of information and the grounds of belief must be specifically set forth to enable the judicial mind to determine whether the information and belief is well or ill founded." The provisions of the Code of Civil Procedure of the state of New York relating to proceeding in aid of execution are quite like those in this state. There the statute authorizes the order requiring the judgment debtor to appear and be examined to be issued "upon proof, by affidavit, or other competent written evidence, that the judgment debtor has property which he unjustly refuses to apply towards the satisfaction of the judgment." (2 Stover's Annotated Code, sec. 2436.) It has been frequently decided that an affidavit under said provision must allege the facts positively, and if stated upon information and belief without divulging the source of information the affidavit is insufficient. (Bradner, Supplementary Proceedings, pp. 38, 80; *Bowery Bank of New York v. Widmayer*, 9 N. Y. Supp. 629; *Kahle v. Muller*, 11 N. Y. Supp. 26; *Leonard v. Bowman*, 15 N. Y. Supp. 822; *In re Leslie*, 44 N. Y. Supp. 1103; *Pierce v. Parish*,

25

50 N. Y. Supp. 735; *Netzel v. Mulford,* 59 How. Pr. [N. Y.] 452; *Day v. Lee,* 52 How. Pr. [N. Y.] 95; *Manken v. Pape,* 65 How. Pr. [N. Y.] 453.)

Counsel for the bank have cited four decisions to sustain the sufficiency of the affidavit,—three from the state of New York, and the other by the supreme court of North Carolina,—which we will now notice.

*Teft v. Epstein,* 7 N. Y. Supp. 897, and *Grinnell v. Sherman,* 11 N. Y. Supp. 682, held that an affidavit on information and belief was sufficient, but those cases were overruled on that point by the opinion in *Re Leslie,* 44 N. Y. Supp. 1103.

*Miller v. Adams,* 52 N. Y. 409, contains language to the effect that an affidavit upon information and belief was sufficient whereon to base an order for an examination of a judgment debtor's debtor, but what is said in the opinion on that subject is mere *obiter,* and the court in the opinion expressly stated that "as it is unnecessary to determine this question in this case, I shall not discuss it, nor is it passed upon by the court."

In the North Carolina case (*National Bank of Westminster v. Burns,* 13 S. E. Rep. 871) the affidavit made in aid of execution was substantially like the one at bar, and was held good. It was not assailed on the ground that the averments were upon information and belief, nor did the court discuss or refer to that feature of the affidavit.

Upon principle, as well as authority, we are constrained to hold that the affidavit of Lewis S. Reed was so defective as to make the order based thereon erroneous. The court below erred in refusing to vacate the order for the examination of the judgment debtor and his alleged debtors.

REVERSED.