ROBERT TIMPONE, an Infant, by JOSEPH TIMPONE, His Guardian ad Litem, Respondent, v. THE DRY DOCK, EAST BROADWAY AND BATTERY RAILROAD Co., Appellant.

APPEAL from a judgment in favor of plaintiff, and from an order denying a motion for a new trial.

Hoadly, Lauterbach & Johnson (Clifford Seasongood, of counsel), for appellant.

M. P. O'Connor, for respondent.

CONLAN, J. Appeal from a judgment in favor of plaintiff, and from an order denying a motion for a new trial.

This action was brought to recover for an injury received by the plaintiff while riding upon a wagon driven by one Joseph Rosenweig, whom the plaintiff was employed to assist in delivering candy.

An examination of the record discloses no errors of law calling for a reversal of the judgment. The issues of fact were fairly presented to the jury, and they have disposed of them in favor of the plaintiff. The damages awarded as compensation to plaintiff are not so large as to show that the jury must have been actuated by passion, partiality, prejudice or corruption. Stephens v. Hudson Valley Knitting Mills Co., 20 N. Y. Supp. 916; Scott v. Sun Printing & P. Association, 26 id. 619.

Upon the whole record we think the judgment should be affirmed.

McCARTHY, J., concurs.

Judgment affirmed, with costs.

---

HOWARD LOCKWOOD & Co., Respondent, v. MAX SELLO, Appellant.

APPEAL from an order denying a motion to vacate an order for the examination of third parties in supplementary proceedings.

Black, Olcott, Gruber & Bonynge (Theodore B. Chancellor, of counsel), for appellant.

William G. Brown, for respondent.

CONLAN, J. Appeal from an order denying a motion to vacate an order for the examination of third parties in supplementary proceedings.

The affidavit is on information and belief, and the affiant's source of information does not satisfy us that the order should stand.

The relation of his information to the third parties is not given, except that he was a representative, but in what capacity is not shown, nor does his conversation with the plaintiff strengthen the affidavit. We think it falls within the ruling in 28 App. Div. 22, and 19 Misc. Rep. 670, and must, therefore, be reversed. Order appealed from reversed, with costs.

O'DWYER and MCCARTHY, JJ., concur.

Order reversed, with costs.