## UNITED STATES v. EIGHTEEN CASES OF TUNA FISH.

(District Court, W. D. Virginia. April 20, 1925.)

**Food ⊘‑24—Court may order issue of monitions and attachments on information not supported by oath or affirmation in forfeiture proceedings.**

In forfeiture proceedings under Pure Food and Drugs Act, § 10 (Comp. St. § 8726), providing that the proceeding in such cases "shall conform as near as may be to the proceedings in admiralty," the court may order the issue of monitions and attachments on informations which are wholly unsupported by oath or affirmation, in view of admiralty rule 22, and sections 1–3 of the Food and Drugs Act (Comp. St. §§ 8717–8719), since Const. Amend. 4, does not apply.

Proceeding by the United States for forfeiture of eighteen cases of tuna fish. Information upheld.

S. H. Hoge, Asst. U. S. Atty., of Roanoke, Va.

McDOWELL, District Judge. This is a proceeding for forfeiture under the Food and Drugs Act. The information does not allege previous seizure of the food sought to be condemned, and admits that it is in the possession of its owner, a wholesale dealer in groceries in this district. The information is not verified or supported, otherwise than by an affidavit by an assistant district attorney, which reads: "The foregoing facts are true to the best of affiant's knowledge and belief." The prayer is for the issue of monition attachment. For present purposes I shall assume that the Food and Drugs Act (34 Stat. 768 [Comp. St. §§ 8717–8728]) does not contemplate or require previous seizure (see U. S. v. Geo. Spraul & Co., 185 F. 405, 406, 407, 107 C. C. A. 569; U. S. v. Two Barrels, etc. [D. C.] 185 F. 302; U. S. v. One Hundred Barrels, etc. [D. C.] 188 F. 471, 475), and on such assumption I shall discuss the question of verification of informations for forfeiture of food and drugs, where a search warrant is not asked for.

If the Fourth Amendment forbids the issue of the attachment, except on probable cause, supported by oath or affirmation, or if the conformity provision of section 10 of the Food and Drugs Act (Comp. St. § 8726) requires that the information be on oath or affirmation, the affidavit here is, I think, insufficient. See Rice v. Ames, 180 U. S. 371, 375, 376, 21 S. Ct. 406, 45 L. Ed. 577; Ex parte Bollman, 4 Cranch, 75, 130, 2 L. Ed. 554; Salter v. State, 2 Okl. Cr. 464, 102 P. 719, 25 L. R. A. (N. S.) 60, 139 Am. St. Rep. 935, 939–944; Mowry v. Sanborn, 65 N. Y. 581, quoted in Clarke v. Neb. Nat. Bank, 57 Neb. 314, 77 N. W. 805, 73 Am. St. Rep. 512; Ex parte Lane (D. C.) 6 F. 34–38; Ex parte Morgan (D. C.) 20 F. 298, 307; Ex parte Spears, 88 Cal. 640, 26 P. 608, 22 Am. St. Rep. 341, 342; Leigh v. Green, 64 Neb. 533, 90 N. W. 255, 101 Am. St. Rep. 592, 595.

However, I know of no sufficient reason or authority for a belief that the Fourth Amendment was intended to apply to an attachment for the seizure of property. The bald letter of the amendment suggests that it was intended to apply only to warrants which direct both search and seizure. But, at least as to warrants for the arrest of persons charged with crime there seems no room for doubt that the amendment applies. Ex parte Burford, 3 Cranch, 448, 451, 453, 2 L. Ed. 495; West v. Cabell, 153 U. S. 78, 85, 87, 14 S. Ct. 752, 38 L. Ed. 643; In re Rule of Court, 3 Woods, 502, Fed. Cas. No. 12,126; U. S. v. Maxwell, Fed. Cas. No. 15,750, pp. 1221, 1222; U. S. v. Tureaud (C. C.) 20 F. 621; In re Gourdin (D. C.) 45 F. 842; In re Dana (D. C.) 68 F. 886, 895; Johnston v. U. S., 87 F. 187, 30 C. C. A. 612; U. S. v. Sapinkow (C. C.) 90 F. 654; U. S. v. Baumert (D. C.) 179 F. 735; Weeks v. U. S., 216 F. 292, 132 C. C. A. 436, L. R. A. 1915B, 651, Ann. Cas. 1917C, 524.

A very satisfactory reason for discriminating attachments from search warrants, and from ordinary warrants for the arrest of persons for crime, is that there is no historical evidence, so far as I know, of abuses in respect to writs of attachment, either in England or in America, prior to the adoption of the Fourth Amendment, and therefore there was no reason for an intent that the amendment should include attachments.

In Boyd v. U. S., 116 U. S. 616, 624, 6 S. Ct. 524, 529 (29 L. Ed. 746), is said, obiter: "The entry upon premises, made by a sheriff or other officer of the law, for the purpose of seizing goods and chattels by virtue of a judicial writ, such as an attachment, a sequestration, or an execution, is not within the prohibition of the Fourth or Fifth Amendment, or any other clause of the Constitution."

In Den ex dem. Murray v. Hoboken Land, etc., Co., 18 How. 272, 285, 286 (15 L. Ed. 372), in respect to the distress warrant, an extent, authorized by the Act of May 15, 1820, c. 107, § 2 (3 Stat. 592), against delinquent collectors of federal revenues, it is said:

"The remaining objection to this warrant is that it was issued without the support of an oath or affirmation, and so was forbidden by the fourth article of the Amendments of the Constitution. But this article has no reference to civil proceedings for the recovery of debts, of which a search warrant is not made part. The process in this case is termed, in the act of Congress, a warrant of distress. The name bestowed upon it cannot affect its constitutional validity. In substance, it is an extent authorizing a levy for the satisfaction of a debt; and as no other authority is conferred, to make searches or seizures, than is ordinarily embraced in every execution issued upon a recognizance, or a stipulation in the admiralty, we are of opinion it was not invalid for this cause."

A distress warrant, issued by the order of a treasury agent and directing the seizure and sale of goods and chattels, and an attachment issued by order of a court, and directing the seizure of goods and chattels, are not identical. But, if the Fourth Amendment does not apply to the distress warrant, I see no reason for saying that it applies to the attachment.

I have discovered only two adjudications relating to the application of the Fourth Amendment to the issue of attachments in forfeiture proceedings under section 10 of the Food and Drugs Act. In U. S. v. Eight Casks of Drug Products, Notice of Judgment 697, 5 F.(2d) 971, the District Court for the Southern District of Ohio in 1910 sustained a demurrer to the information because, inter alia, the "libel was not properly verified by any persons having knowledge of the facts." In U. S. v. Three Hundred Cases of Mapleine, Notice of Judgment 163 (no opinion filed), the District Court for the Northern District of Illinois, in 1909, overruled, without discussion, an exception to the information on the ground that it was not under oath. In the first case there is some discussion, but it is quite unconvincing and no authority in point is cited.

The only satisfactory conclusion I can reach is that the Fourth Amendment does not apply to the issue of the writ of attachment in forfeiture cases under section 10 of the Food and Drugs Act.

Section 10 contains a provision reading: "The proceedings in such libel cases shall conform, as near as may be, to the proceedings in admiralty.  *  *  * " If it be assumed that the "proceedings in admiralty" intended were not those followed in forfeiture cases based on previous seizure (rule 22 of 1854, 3 How. xiii), but were those in ordinary libels in instance causes (rule 23 of 1854 and Rule 22 of 1920); still the use of the expression "as near as may be" authorizes the exercise of some degree of judicial discretion. As was said in Indianapolis, etc., R. Co. v. Horst, 93 U. S. 300 (23 L. Ed. 898): "The conformity is required to be 'as near as may be'—not as near as may be possible, or as near as may be practicable." See, also, Mexican Central R. Co. v. Pinkney, 149 U. S. 194, 207, 13 S. Ct. 859, 37 L. Ed. 699; Shepard v. Adams, 168 U. S. 618, 624, 625, 18 S. Ct. 214, 42 L. Ed. 602.

It is quite possible that food may be so "adulterated" within the meaning of the act as to be poisonous. It is also possible that drugs, either because of adulteration or misbranding, may be highly dangerous; and if seizure previous to the drafting of the information is not authorized by the act, it is clear that great rapidity of action on the part of the district attorney will frequently be necessary. Outside of the District of Columbia and of the insular possessions, the (domestic) article to be condemned must be either in transit or still unloaded, unsold, or in original unbroken packages. So far as my own experience goes, it is rarely practicable to attach in transit, and it is sometimes necessary to use great expedition to attach before the article has been sold; and where haste is necessary the delay involved in having affidavits by the government agents who know the facts transmitted to the judge may easily be wholly or in part fatal to the effort to condemn. In view of this fact, it seems a reasonable exercise of discretion to hold that the informations in such cases need not be verified.

It may be added that the practice in admiralty under old rule 23, new rule 22 (254 U. S. appendix), in instance causes in which the United States is the libelant, is not and seemingly has never been uniform. In some of the District Courts such libels are not required to be verified, and in others they are. See Waples, Proceedings in Rem, p. 77; 2 Foster, Fed. Pr. (5th Ed.) p. 1947; The J. R. Hoyle, Fed. Cas. No. 7,557; U. S. v. 2 Barrels, etc. (D. C.) 185 F. 302, 307. In this circuit the affidavit is required in the district of Maryland and in the Eastern district of Virginia. No affidavit is required in the Eastern district of South Carolina, and such, I believe, is the practice also in the Eastern district of North Carolina.

In section 4 of the Food and Drugs Act (Comp. St. § 8720) is a requirement of verification by the analyst of every analysis of

food or drugs found to be adulterated or misbranded; and this verified analysis is to be certified by the Secretary of Agriculture to the proper district attorney. But, as there is no requirement for an affidavit showing other equally indispensable facts justifying a forfeiture, such, for instance, as an interstate transit, and as the affidavit required by section 4 is not directed to be filed with the information for forfeiture, it seems to me that the provision in question was intended either merely to insure accuracy on the part of analyst or as a basis for a possible warrant for the arrest of a person to be criminally prosecuted under section 1 or 2 of the act (Comp. St. §§ 8717, 8718).

Section 10 of the act is of very doubtful meaning in several respects; and which of several practices in admiralty was in the mind of the draftsman will, I believe, always be in great doubt. It may have been the practice (under old rule 22) in forfeiture cases, where previous seizures had been made and in which verification was needless; or it may have been the practice (under old rule 23) in those courts which required that all libels in instance causes be verified; or it may have been the practice in those courts which did not require libels in instance causes in behalf of the United States to be verified. But this doubt need not be solved in respect to informations for forfeiture, which seek only the issue of monition and attachment. As has been said, the words "as near as may be" permit the exercise of a reasonable discretion, and as the delays involved in laying before the court affidavits by persons who have first-hand knowledge of the facts may frequently be fatal to the efficacy of the proceeding, I believe it permissible and judicious to order the issue of monitions and attachments on informations which are wholly unsupported by oath or affirmation.