JOHNSON *et al.*, Defendants in Error, v. HOLLEY, Plaintiff in Error.

1. Where, in an attachment suit, in which the defendant is notified by publication and does not appear and answer, judgment by default is rendered against him, such judgment will bind only the property attached. (R. C. 1855, p. 250, § 43, 44.)

2. A judgment in an attachment suit in the following form: "It is therefore considered by the court that the said plaintiffs recover of the said defendant the sum of $368.50 as and for their demand, and also their costs and charges herein expended; and that they have a special execution on the property attached, to-wit, lot No. 9," &c., is in substantial compliance with the statutory provisions.

*Error to Buchanan Court of Common Pleas.*

*Loan*, for plaintiff in error.

I. The judgment should have been against the property attached and not against Holley personally. (R. C. 1855, p. 256, sec. 60.)

RICHARDSON, Judge, delivered the opinion of the court.

This suit was on a promissory note commenced by attachment on the ground that the defendant was a nonresident of the state. The defendant was notified by publication, but he

never appeared to the action. The judgment was in the following form : " It is therefore considered by the court that the said plaintiffs recover of the said defendant the sum of three hundred and sixty-eight dollars and fifty cents as and for their demand, and also their costs and charges herein expended, and that they have a special execution on the property attached, to-wit, lot No. 9," &c.

The only error assigned is that the judgment is a general one, when by the law it ought only to operate on the property attached. If the objection was warranted by the fact it would be fatal, for the attachment act expressly declares that when the defendant is notified by publication and does not appear, the judgment shall only bind the property and effects attached, and no execution shall issue against any other property of the defendant. (R. C. 1855, p. 251, § 43, 44.) But this judgment will be construed in reference to the record; and as it will only authorize a special *fieri facias* against the attached property it is substantially good. It is in the nature of a proceeding *in rem*, and does not bind the defendant personally. It is like the form indicated in the 10th section of the mortgage act when the mortgagor is only brought in by publication. Judgment affirmed ; Judge Scott concurring. Judge Napton absent.