## FLEMING v. TOURGEE et al.

*(Supreme Court, General Term, Fifth Department. October 23, 1891.)*

CONTEMPT—SUPPLEMENTARY PROCEEDINGS—REFUSAL TO APPEAR—DEFECTIVE AFFIDAVIT.

Although under Code Civil Proc. N. Y. § 2441, entitling a judgment creditor to an order requiring the examination of a third person in supplementary proceeding "upon proof by affidavit, or other competent written evidence, to the satisfaction of the judge," an affidavit, on information and belief, is not sufficient to support an order to appear and disclose; still an order made thereon is not void, and if such person takes no steps to have it vacated, but refuses to appear, she may be punished for contempt.

Appeal from special term, Erie county.

Action by Ezekiel Fleming against Albion W. Tourgee. There was judgment for plaintiff, and Emma K. Tourgee was, in supplementary proceedings, ordered to appear for examination as a third person having personal property belonging to, or being indebted to, defendant. For failing to appear, an order was rendered declaring her in contempt, and from an order denying her application to have such order set aside she appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER, J.

*Adelbert Moot*, for appellant. *S. A. Barlow*, for respondent.

MACOMBER, J.   This is an appeal from an order made by the special term denying the application of Emma K. Tourgee to set aside an order made by the special county judge of Chautauqua county, declaring the appellant in contempt in failing to appear for examination under allegations that she had personal property exceeding $10 in amount in her possession applicable to a judgment against her husband, Albion W. Tourgee.   The order of the special county judge, dated February 22, 1890, required the appellant to appear before a referee for examination as a third person, on the ground that she had personal property belonging to the defendant Albion W. Tourgee, or was indebted to him in a sum of money exceeding $10.   On the return-day the appellant failed to appear before the referee, and her default is properly noted, and returned to the special county judge.   An order was thereupon made for the appellant to show cause why she should not be punished for her disobedience of the order.   On the return-day the appellant appeared at the time and place mentioned; but, on account of engagements elsewhere, the special county judge did not appear, and consequently the proceedings went for naught.   Such proceedings, however, were revived by another application to the same judge, explaining the failure to proceed upon the first order to show cause; and it was upon the return of the subsequent order, properly served, that the appellant was adjudged guilty of contempt, and was required to pay a fine of $35, being the costs of such special proceedings, and to appear for examination before a referee on a day named; and in default thereof to be confined in the county jail until she complied with the order or was discharged by the court.   The motion made at the special term, the order entered upon which is the subject of the present appeal, was made for the purpose of procuring the order for the appellant's original examination to be set aside, and also to vacate the order adjudging her guilty of contempt.   The notice of motion was that the orders of the special county judge be set aside upon the merits, and because they were irregular for the reason that the appellant had been adjudged guilty of contempt without any proper or legal proof of guilt being produced before the judge; and, *secondly,* because she had once appeared at the time and place appointed by the judge, ready and willing to show cause why she should not be adjudged guilty of contempt; and, *thirdly,* on the ground that the orders of the special county judge were void, and were made without jurisdiction of the subject-matter or of the person; also upon the ground that the affidavit for her examination furnished no fact upon which to base the orders and proceedings already mentioned.   It will be noted that there was no application made to the special term to be relieved from the orders of the special county judge upon the ground of favor or of excusable neglect to appear for examination.   On the contrary, it is distinctly averred in the moving affidavit that the failure of the appellant to appear before the special county judge to show cause why she should not be punished for contempt for disobedience of the order for her examination was deliberate, and, as is claimed, was done under the advice of counsel.   This refusal on the part of the appellant to appear in pursuance of the command of the second order seems to be placed wholly upon the ground that the original affidavit for her examination as a third party in the proceedings supplementary to execution was defective, in that it alleged, on information and belief only, without giving the sources of such information, that the appellant was indebted to the judgment debtor, or had property of his which she failed to apply upon the judgment.   Under section 2441 of the Code of Civil Procedure, the judgment creditor was entitled to an order requiring the appellant's examination "upon proof, by affidavit, or other competent written evidence, to the satisfaction of the judge," etc.   The facts, being stated on information and belief only, in the affidavit for her examination, were insufficient to support the order made thereon, and such order would have been necessarily set aside on application to the judge who granted it.   But no such

application was made. The order, however, though supported by an insufficient affidavit, was not void; and consequently it was incumbent upon the appellant to obey the same, or to take proper steps to have it vacated. She could not treat it as a nullity. She should have appeared before the referee in pursuance of the terms of the order, or should have taken some direct measures to. be relieved of its obligations. Had the special county judge, if such application had been made, refused to vacate the order, her remedy would have been perfect on appeal to this court. Consequently, having neglected to appear before the referee, the county judge had power to punish her for the contempt under section 2457 of the Code. Within the provisions of this section, it is not a sufficient excuse for the party proceeded against to neglect obedience to an order of the judge, upon the ground that he is advised that the same was not supported by sufficient affidavit, so long as the proceedings before the judge gave him jurisdiction of the subject-matter and of the person proceeded against, as they clearly did in this instance. The order appealed from should be affirmed. Order appealed from affirmed, with $10 costs and disbursements.