JOSEPHINE MOSCHELL, RESPONDENT, *v.* FRANCIS BOOR, APPELLANT.

*Order appointing a receiver in supplementary proceedings not appealable — Code of Civil Procedure, sec. 2433.*

An order, made by a county judge, appointing a receiver of a debtor's property, in proceedings supplementary to an execution issued out of the Supreme Court, is reviewable only under subdivision 1 of section 2433 of the Code of Civil Procedure, which provides for the vacation or modification of an order made in such proceedings by the judge who made it, or, upon motion, by the court out of which the execution issued.

Sections 1347 and 1348 of the Code of Civil Procedure refer to orders made in actions as distinguished from special proceedings.

APPEAL by the defendant, Francis Boor, from an order of the county judge of Monroe county, entered in the Monroe county clerk's office August 22, 1892, appointing a receiver of the defendant's property in proceedings supplementary to execution.

*John R. Fanning*, for the appellant.

*Q. Van Voorhis*, for the respondent.

MACOMBER, J.:

On the 4th day of December, 1891, the plaintiff recovered a judgment in the Supreme Court against the defendant for the sum of $10,060.27, upon which an execution was issued and subsequently returned unsatisfied; and thereupon proceedings supplementary to execution were instituted in behalf of the judgment-creditor against the debtor before the county judge of Monroe county. A reference was ordered, and upon the coming in of the evidence taken before the referee, the county judge appointed a receiver of the defendant's property, and from that order this appeal is taken.

We think that this order is not appealable. Section 2433 of the Code of Civil Procedure declares: "Each of those remedies is a special proceeding. But an order, made in the course thereof, can be reviewed only as follows:

"1. An order, made by a judge out of court, may be vacated or modified by the judge who made it, as if it was made in an action; or it, or the order of the judge vacating or modifying it, may be

vacated or modified, upon motion, by the court out of which the execution was issued."

The appellant's counsel calls attention to sections 1347 and 1348 of this Code to be considered in connection with section 2433. But sections 1347 and 1348 refer to orders made in actions as distinct from special proceedings. Proceedings supplementary to execution are, by the Code, declared to be special proceedings.

The case of *People ex rel. Grant* v. *Warner* (51 Hun, 58) arose upon a proceeding to punish a witness for contempt for not appearing before the referee in supplementary proceedings, but proceedings for contempt are themselves special proceedings, independent of the action or special proceeding in which they may be taken; and an order made therein cannot be regarded as an order made in the course of the original proceedings.

The appointment of a receiver of a debtor's property in proceedings supplementary to execution is, on the other hand, an order made in the course of such proceedings, and, consequently, is reviewable only under section 2433 of this Code.

It follows that the appeal should be dismissed.

DWIGHT, P. J., and LEWIS, J., concurred.

Appeal dismissed, with ten dollars costs and disbursements.