And see, also, *Decker* v. *Fessler* (44 N. E. Rep. [Ind.] 657) and *Eliason* v. *Bronnenburg* (46 id. 582).

The judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

All concurred.

Judgment reversed and a new trial ordered, with costs to the appellants to abide the event.

---

In the Matter of the Examination of EMMA E. PARRISH, Third Person, upon the Application of GEORGE W. PIERCE, Judgment Creditor in Proceedings Supplementary to Execution in the Action Entitled "Supreme Court, Ontario County, GEORGE W. PIERCE *v.* W. SCOTT PARRISH."

EMMA E. PARRISH, Appellant; GEORGE W. PIERCE, Respondent.

*Proceedings supplementary to execution — an affidavit used to obtain an order to examine a third party, made on information and belief, is irregular — an order, made on such an affidavit, is not void, and must be obeyed until vacated.*

An affidavit, made as the basis of an application for an order to examine, in proceedings supplementary to execution, a third person, who is alleged to be in possession of personal property belonging to the judgment debtor, which states the jurisdictional facts required by section 2441 of the Code of Civil Procedure, only upon information and belief, is irregular and insufficient, unless the sources of information and the grounds of belief appear in the affidavit, to the end that the court may judge of the sufficiency and strength of the information and belief of the affiant.

An order granted upon such an affidavit is not void, and must be obeyed until it is vacated.

APPEAL by Emma E. Parrish, the third person named in the above-entitled proceeding, from an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the

clerk of the county of Ontario on the 4th day of December, 1897, denying her motion to vacate an order made by the county judge of Ontario county, requiring her to appear and be examined concerning the property of the judgment debtor, W. Scott Parrish, and restraining her from interfering with any of said property, and also from an order made at the Monroe Special Term and entered in the office of the clerk of the county of Ontario on the 29th day of December, 1897, denying her motion to amend the first-mentioned order or for leave to renew said motion.

*Henry M. Field,* for the appellant.

*E. W. Gardner,* for the respondent.

WARD, J.:

George W. Pierce, the respondent, on the 16th day of October, 1897, recovered a judgment for $934.91 against W. Scott Parrish, the husband of the appellant. Execution was issued upon that judgment and returned unsatisfied and supplementary proceedings were instituted in the proper county against the defendant in the judgment, and it was sought by the plaintiff to reach in those proceedings certain property that was claimed to belong to the defendant, and was in the possession of Emma E. Parrish; and the plaintiff in the judgment, George W. Pierce, presented to the county judge of Ontario county an affidavit which, after reciting the proceedings in the action and the return of the execution unsatisfied, proceeded as follows: "Deponent further says upon information and belief that Emma E. Parrish, of the town of Canandaigua, N. Y., has personal property of the said judgment debtor exceeding ten dollars in value which has been fraudulently transferred to her by chattel mortgage, and that no previous application has been made herein for an order to examine said third party. Said personal property consists in part of about 350 sheep, and about 50 tons of hay, oats grown on 22 acres; barley grown on 20 acres; straw, corn, hay, scales, wagons, farming tools and a large quantity of other personal property."

Upon this affidavit the county judge issued an order requiring Mrs. Parrish to attend and be examined before a referee concerning the property of W. Scott Parrish that was alleged to be held by

her, and said order further provided that she should not make any transfer or disposition of or interfere with the property of W. Scott Parrish or in which he had any interest, legal or equitable, and which was not exempt from execution, until further ordered.

The appellant moved to vacate this order at a Special Term of the Supreme Court as being irregular, illegal and improper, the chief ground being that the affidavit upon which the order was granted was insufficient, it being made upon information and belief without stating the sources of the same. This motion was denied, and later on the appellant applied to the same Special Term and moved to vacate the order of the county judge or for a modification thereof to relieve the appellant from the injunction portion of the order so that she could dispose of certain property which she claimed it was necessary to sell. This motion was denied and an appeal is taken from both orders.

The affidavit of the judgment creditor is the only foundation for the proceeding against the appellant as a third person claimed to have property of the judgment debtor.

The jurisdictional facts required by section 2441 of the Code of Civil Procedure, which authorizes the issuing of an order where a " person or corporation has personal property of the judgment debtor exceeding ten dollars in value, or is indebted to him in a sum exceeding ten dollars," are only stated in the affidavit upon information and belief. This is irregular and insufficient unless the sources of the information and grounds of belief appear in the affidavit, so that the court may judge of the sufficiency and strength of the information and belief of the affiant. This is a general rule pertaining to all affidavits upon which it is sought to obtain attachments, injunctions and other important orders, and is applicable to proceedings supplementary to execution. (*Fleming* v. *Tourgee*, 16 N. Y. Supp. 2; affd., 136 N. Y. 642; 32 N. E. Rep. 1015; *Ammon* v. *Kellar*, 21 Misc. Rep. 442; *Mowry* v. *Sandborn*, 65 N. Y. 583, 584; *Steuben County Bank* v. *Alberger*, 78 id. 252; *Roderigas* v. *East River Savings Institution*, 76 id. 323.)

The order being granted upon an insufficient affidavit, the Special Term should have vacated it, and it follows from that that the second order falls with it.

We do not hold that the order was void. It should have been obeyed by Mrs. Parrish until it was vacated. (*Fleming* v. *Tourgee, supra.*)

We think both orders should be reversed, with costs in the first case of ten dollars and disbursements.

All concurred, except ADAMS, J., not voting.

Orders reversed, with ten dollars costs and disbursements, and motions granted.