ACKERMAN, Administrator de bonis non of the Estate of FLEMING, Deceased, Respondent, v. GREEN, Appellant.

### St. Louis Court of Appeals, May 24, 1904.

1. **APPEALS: Order for Examination of Judgment Debtor.** Under section 806, of the Revised Statutes of 1899, an appeal will lie from an order for examination of a judgment debtor, made under the provisions of section 3227.

2. **JUDGMENT DEBTOR: Order for Examination: Affidavit.** The affidavit required by section 3228, of the Revised Statutes of 1899, for the purpose of procuring an order for the examination of a judgment debtor as provided in the preceding section, must state that the judgment debtor has property subject to execution, etc., to the "best knowledge and belief of the affiant," and an affidavit made according to the best "information and belief" of affiant is insufficient unless the affidavit discloses the sources of affiant's information and belief and those sources are of a sort which would be competent as direct evidence of the facts verified.

Appeal from St. Louis City Circuit Court.—*Hon. Warwick Hough,* Judge.

Order compelling judgment debtor to undergo examination.

REVERSED AND REMANDED.

*Klein & Hough* and *Kinealy & Kinealy* for appellant.

(1) An affidavit to knowledge and belief and an affidavit to information and belief are clearly distinquishable. An affidavit made upon information and belief, where the statute requires knowledge and belief,

as in this case, is insufficient. Clark v. Bank, 77 N. W. 805; Bray v. McClury, 55 Mo. 128; In re Parrish, 28 App. Div. (N. Y.) 20; Schermerhorn v. Owen, 62 N. Y. S. 763; McGuire v. Schroeder, 63 N. Y. S. 968; Githens v. Mount, 44 Atl. R. 851; Pierce v. Parish, 50 N. Y. S. 735; Lossee v. Allen, 40 N. Y. S. 349; Manken v. Pope, 65 How. Pr. 453; Lindsay v. Sherman, 1 Code N. S. 25; Eldridge v. S. B. Wm. Campbell, 27 Mo. 595; State v. Hayward, 83 Mo. 303; State v. Bennett, 102 Mo. 356. (2) The affidavit is unsupported by other evidence and fails to show reasonable ground for belief that the debtor has property subject to execution. It states mere conclusions and belief without showing ground of belief. Bank v. Clark, 52 App. Div. 601; Bank v. Wilson, 13 Hun —; McKinley v. Snider, 116 Ind. 160.

*Daniel Dillon* and *Robert L. Shackleford* for respondent.

(1) The petition filed in the circuit court by plaintiff praying for an order requiring defendant to appear and undergo an examination under oath, etc., and the order made by that court, were under sections 3227 and 3228 of Revised Statutes of 1899. In the first place, the statute requires no particular form of affidavit, but only that it be satisfactory to the court, and such as to make it appear to the court that there is reasonable ground to believe, etc. Elridge v. Steamboat, 27 Mo. 595; State v. Ransberger, 106 Mo. 135; Neb. Nat. Bk., 77 N. W. 805; Schermerhorn v. Owens, 62 N. Y. Supp.; Maguire v. Schroeder, 63 N. Y. Supp. —; Githens v. Mount, 44 Atl. 851; Miller v. Adams, 52 N. Y. 409. (2) Plaintiff contended in the circuit court that an appeal did not lie from the order made in the circuit court in this case. Carter v. Lindell, 28 Mo. App. 316; Schwoerer v. Christophel, 64 Mo. App. 81; Powell v. Camp, 60 Mo. 571.

STATEMENT.

This is a supplemental proceeding to compel the appellant to undergo an examination regarding his ability to satisfy a judgment against him in favor of the respondent, and is founded on sections 3229 to 3232, inclusive, of the Revised Statutes of 1899. The judgment against the appellant was recovered April 6, 1903, in the circuit court of the city of St. Louis, for the sum of $263,903.61. An execution was issued on it returnable to the June term, 1903, of said court and was returned at that term *nulla bona*. This petition for the examination of the appellant under oath was filed November 10, 1903:

"In Circuit Court, City of St. Louis, Missouri.

"Thomas F. Ackerman, Adm. d. b. n. of Alfred Fleming, deceased, plaintiff, v. Charles Green, defendant.

"Now comes Thomas F. Ackerman, administrator *de bonis non* of Alfred Fleming, deceased, and states to this court that, on the sixth day of April, 1903, in the above-entitled cause of Thomas F. Ackerman, administrator *de bonis non* of Alfred W. Fleming, deceased, against Charles Green, he recovered a judgment against said Green for the sum of $263,903.61 and costs of said cause, and that on the fifteenth day of May, 1903, an execution was issued by the clerk of this court on said judgment against the property of said Green for said sum of $263,903.61 and costs, returnable to the June term, 1903, of this court and placed in the hands of the sheriff of the city of St. Louis, Mo., for execution. And thereafter, viz., on June 1, 1903, said sheriff returned said execution wholly unsatisfied.

"And your petitioner, Thomas F. Ackerman, further says that he believes that said Green has property subject to execution and that he has conveyed his property to defraud, hinder or delay his creditors. Your petitioner further says that said Green a few years ago,

was the owner of a large amount of property and had the reputation and standing of a very wealthy man. For a year or two last past, so far as petitioner knows or can ascertain, said Green has been engaged in no business but lives in a large, elegant and costly residence, to maintain which requires a large amount of money and he seems to be well supplied with money, and in his dress, appearance and manner of living he appears and acts like a gentleman of large means. And your petitioner believes that said Green has property subject to execution and that he has conveyed his property to defraud, hinder or delay his creditors.

"Wherefore your petitioner prays this court for an order requiring said Green to appear before this court or before a referee to be appointed by this court at a time and place to be fixed by this court to undergo an examination under oath touching his ability and means to satisfy said judgment.

"DANIEL DILLON, and

"ROBERT L. SHACKELFORD,

"Attorneys for Petitioner.

"City of St. Louis, State of Missouri, ss.

"Thomas F. Ackerman, being duly sworn, on his oath says that he has read the foregoing petition and that the statements therein contained are true according to the best information and belief of him, said Ackerman.

"THOMAS A. ACKERMAN.

"Subscribed to and sworn to before me this twenty-eighth day of October, 1903.

"ROBERT SHACKELFORD,

"My term of office (sic)

"December 12, 1904.

"Notary Public, St. Louis county, Mo."

An ex parte order was made the same day and renewed November 17, directing the appellant to appear before a referee to undergo an examination as to his ability to satisfy the judgment. On November 25, ap-

pellant filed a motion to vacate and annul said order, enumerating several grounds, of which the only important one was that the affidavit to the respondent's petition was based on the affiant's information and belief instead of his knowledge of the truth of the statements contained in the petition. That motion was heard November 28 and overruled and the appellant appealed to this court.

GOODE, J. (after stating the facts).—The first proposition to be considered is whether an appeal lies from the order for an examination of the appellant. No special provision is found in the statutes for appealing in this sort of a proceeding and the right of appeal must be derived, therefore, from the general statutory provisions regulating appeals. Those provisions are found in section 806 of the Revised Statutes and are as follows:

"Any party to a suit aggrieved by any judgment of any circuit court in any civil cause from which an appeal is not prohibited by the Constitution, may take his appeal to a court having appellate jurisdiction from any order granting a new trial, or in arrest of judgment, or order refusing to revoke, modify or change an interlocutory order appointing a receiver or receivers, or dissolving an injunction, or from any interlocutory judgments in actions of partition which determine the rights of the parties, or from any final judgment in the case, or from any special order after final judgment in the cause."

The order of the circuit court for the examination of the appellant appears to fall within the words and meaning of the clause of the statute allowing an appeal to a party "from any special order after final judgment in the cause." The decisions are not consistent as to whether a supplemental proceeding in aid of an execution is to be treated as a continuation of the original proceeding or as a new case; but most of them

range on the side of the former proposition. 3 Freeman, Executions (3 Ed.), sec. 395 and citations. That was the doctrine of the New York courts until changed by a statute providing that the proceedings should be treated as an independent one. If it is an independent suit, the order for examination is a final judgment; because, under our statutes, nothing can be done except to examine the judgment debtor and deliver an opinion as to whether or not he has property which ought to be devoted toward satisfying the judgment against him. R. S. 1899, sec. 3230. In other States, including New York, the court or judge has power to appoint a receiver for the property or order it to be surrendered to be applied on the judgment. It is plain that in the form the proceeding must take in this State, the order for the judgment debtor's examination is the final order in the matter; just as an order on a motion to quash an execution was a final judgment from which an appeal would lie prior to the enlargement of the right of appeal by the Act of 1895, so as to allow the right, in stated instances, from orders and judgments not possessing the character of final judgments. The proceedings on such a motion were always regarded as independent and the judgment as a final one in such sense that an appeal would lie from it. Wauchope v. McCormick, 158 Mo. 660; Ex parte James, 59 Mo. 280; McGinnis v. McCarty, 15 Mo. App. 595. Whatever defense against being subjected to an examination in regard to his ability to pay a judgment a debtor may have, is concluded by an order that he submit to examination, which has the effect of a final, instead of an interlocutory, judgment and contemplates no further consideration of the debtor's protest or rights in the premises. Whether, therefore, we regard this proceeding as part of the original suit or as a distinct action, the conclusion follows that an appeal lies from the order unless the statutes regulating it expressly or by fair construction deny an appeal. The remedy is summary and was intended to

be expeditious; the relief that may be granted cannot affect directly any property or pecuniary interest of the judgment debtor, but can only result in some disclosure that will lead to further proceedings which may affect his property, and an order of this kind may be made ex parte and by a judge as well as by a court. For those reasons our first impression was that the order was not appealable. But courts of high rank have considered each of the objections mentioned and in most of the decisions on the subject have recognized, expressly or inferentially, the right of either litigant to take an appeal. The following cases are in point: Matter of Parrish, 28 App. Div. (N. Y.) 22; Clarke v. National Bank, 49 Neb. 800; Barber v. Briscoe, 23 Pac. (Mont.) 726; In re Slingerhead, 36 Hun 575; Douglass v. Mainger, 40 Hun 75; Dorsey v. Cummins, 48 Hun 76; Moschell v. Boor, 66 Hun 557. The legality and wisdom of allowing an appeal in such matters has been settled affirmatively by nearly all the courts that have passed on the question. In Rondeau v. Beaumette, 4 Minn. 224, an order of the kind in question was held not appealable because it was interlocutory instead of final, and appeals in that State lie from final orders only. But it appears that under the Minnesota code a court may make an order affecting the debtor's property in such a proceeding, if it is disclosed that he has property, and that order would be the final one. In the cases cited from 66 and 68 Hun the appeals were held futile because taken from orders of judges instead of from decisions of the lower courts reviewing those orders; but the right to appeal in the proper form was declared. As bearing on the argument against the right of appeal based on the fact that a judge may grant an order of this kind, the New York decisions might be regarded as irrelevant because the code of that State provides for an appeal from an order made by a trial court in reviewing an order previously made by a judge, while our code does not. But the Nebraska and Montana statutes are like

ours in containing no such provision. Yet they allow a judge to make an order for the examination of a debtor and an appeal lies in such a proceeding from the decision of the lower court. Undoubtedly an order for the examination of a debtor by a judge would have to be acted upon by the court of first resort before an appeal could be taken, according to our practice act. In this case the order was made by the court during term time and a motion to vacate it overruled; so if the right of appeal lies at all, it would lie in the circumstances presented. The point of doubt in most of the cases cited was as to whether such an examination involves any "substantial right" within the meaning of the statutes allowing appeals only when such a right is involved; and such a right was held to be involved. Our statutes contain no qualification of that kind, but allow appeals "from any special order after final judgment." In view of that broad language of the statute and the trend of judicial authority on this subject, we hold the order was appealable.

No proof was taken before granting the order except the verified petition set forth in the statement, which is assailed by the appellant as insufficient to confer jurisdiction on the court or support the order. The statute relating to this point reads thus:

"The order above provided for shall issue only in case it be made to appear to the court or judge or justice, by affidavit or other evidence satisfactory to the court or judge or justice, that there is reasonable ground to beleive that such judgment debtor has property subject to execution, or has conveyed or attempted to convey his property, with a design to defraud, hinder or delay his creditors—such affidavit to be made to the best of the knowledge and belief of the affiant." R. S. 1889, sec. 3228.

Appellant's contention is that as the affidavit to the petition verified it according "to the best information and belief" of the affiant, instead of according to

his best "knowledge and belief" as required by the statute, the proof was insufficient to justify the order. Respondent contends, on the other hand, that the word "information" is equivalent to the word "knowledge," citing on the proposition State v. Ransberger, 106 Mo. 135. That case dealt with a criminal information verified by the prosecuting attorney on information and belief. The Supreme Court held the information was good and in compliance with the statute allowing informations to be filed whenever a prosecuting attorney has knowledge of the commission of an offense, or is informed thereof by verified complaint filed with him by a person who has knowledge. The decision was that personal and actual knowledge by a prosecuting attorney of the perpetration of an offense was not required, and that an information verified according to his information and belief imported knowledge on the part of that officer within the meaning of the statute. The statute with which we are concerned at present has an altogether different purpose from the one construed in State v. Ransberger. The purpose of the statute in regard to filing informations is to allow a criminal prosecution to be instituted in that mode with a view to ascertaining the guilt or innocence of the accused on evidence touching the question, to be given by witnesses having personal knowledge of the facts, in a trial wherein the defendant will have an opportunity to exonerate himself and escape any detrimental order or judgment. The purpose of the statute in relation to the proof to be adduced preliminary to an order for the examination of a judgment debtor is to have the court or judge that is called on for the order, satisfied by evidence that there is reasonable ground to believe the debtor has property subject to execution. This means the court or judge must be satisfied by evidence of a legal and competent character; that is, the statement under oath of some person who has actual knowledge on the subject; not a mere statement of an affiant's belief that the debtor has

property subject to execution, or that the affiant has been told he has. In other words, the law intends that the affiant shall know something of the truth of the statements contained in his affidavit and not simply lay before the judge or court his beliefs or suspicions or the rumors he has heard. That the Legislature took pains to say the affidavit should be made to the best of the knowledge and belief of the affiant is significant, and is the more significant because there are statutes authorizing other affidavits on well-founded belief; as in attachment actions. R. S. 1899, sec. 371; Bray v. Mc-Clurg, 55 Mo. 128. As to the point in hand we think the case is like State v. Hayward, 83 Mo. 299, in which it was ruled that when an information is verified by a private citizen it must be by one having knowledge of the matters charged and who would be a competent witness to testify against the accused; that no one but a prosecuting attorney can verify an information on belief. The intention of a statute like the one on which this proceeding was founded, as of other statutes where affidavits are made by non-official persons, is that the affiant shall have knowledge of what he swears to which would be received from his lips as competent evidence on a trial. We hold, therefore, that the clause of the statute which says "such affidavit to be made to the best of the knowledge and belief of the affiant" is not complied with by an affidavit made according to the best "information and belief" of the affiant. This rule is subject to the qualification that if the affiant discloses in his affidavit the sources of his information and belief and those sources are of a sort which would be competent as direct evidence of the facts verified, the affidavit is sufficient. The petition in this case states that Green, though out of business, lives in a costly residence, seems to be well supplied with money, and in dress, appearance and manner of living, behaves like a man of large means. Those facts might convince a judge that there are reasonable grounds to believe

Green has secret resources; but the name of no person who can testify to their truth is given, and Ackerman's affidavit neither says nor imports that he can. He merely swears that, to the best of his information and belief, they are true.ꞏ The rule that affidavits made on information and belief will not sustain an order for an examination of a judgment debtor unless the sources of the affiant's information are set forth, wears a technical aspect, but is supported by a great weight of authority. 21 Ency. Pl. and Pr. 117, 124 and cases cited on latter page; 3 Freeman, Executions (2 Ed.), sec. 400, p. 2175; Clark v. Bank, 77 N. W. (Neb.) 805; In re Parrish, 28 App. Div. (N. Y.) 22; Schermerhorn v. Owens, 62 N. Y. S. 763; Githens v. Mount, 44 Atl. 851; Pierce v. Paris, 50 N. Y. S. 735; Lossee v. Allen, 40 N. Y. S. 349; Manken v. Pape, 65 How. Pr. 453; Fleming v. Tourgee, 16 N. Y. Supp. 2, 136 N. Y. 642; Ammon v. Keller, 47 N. Y. Supp. 595. This doctrine is general as to all affidavits intended as a basis for relief, except those founded on a statute which warrants a different ruling. Fleming v. Tourgee, supra; Mowry v. Sanborn, 65 N. Y. 581. As bearing out the same principle in another class of cases we refer to Bridgeford v. Steamboat Elk, 6 Mo. 356; and Eldridge v. Steamboat, 27 Mo. 594.

The judgment of the court below is reversed and the cause remanded with leave to the respondent to amend. *Bland, P. J.*, and *Reyburn, J.*, concur.