## In re FRANK G. KOEHLER.

### St. Louis Court of Appeals, May 6, 1913.

1. **EXECUTIONS: Examination of Judgment Debtor: Corporations: Officers.** Sec. 2248, R. S. 1909, providing that, when an execution against the property of a judgment debtor is returned unsatisfied, the judgment creditor may obtain an order for the examination of the judgment debtor, does not include persons not parties to the cause, and hence does not include the officers of a corporation judgment debtor.

2. **CONTEMPT: Corporations: Punishment.** Contumacious corporations are not reached by attachment and fine of their officers (unless they are personally in contempt), but by distringas or writ of sequestration.

3. **EXECUTIONS: Examination of Judgment Debtor: Construction of Statutes.** Sec. 2248, R. S. 1909, providing that, when an execution against the property of a judgment debtor is returned unsatisfied, the judgment creditor may obtain an

order for the examination of the judgment debtor, and the following kindred sections, are highly penal, and hence they must be construed strictly, both as to the cases embraced within their terms and as to the methods to be pursued.

4. **STATUTES: Construction: Penal Statutes.** A highly penal statute which provides a new and extraordinary remedy must be construed strictly, both as to the cases embraced within its terms and as to the methods to be pursued.

5. **EXECUTIONS: Examination of Judgment Debtor: Other Witnesses.** Sec. 2248, R. S. 1909, *et seq.*, providing for the examination of a judgment debtor after an execution has been returned unsatisfied, are not intended to furnish a means for procuring evidence from witnesses generally, but their sole purpose is to secure testimony from the judgment debtor, and no other witness is to be examined.

6. ———: ———: **Prerequisites.** It is a condition precedent to the making of an order for the examination of a judgment debtor, after return of an execution unsatisfied, that the court find, as required by Sec. 2249, R. S. 1909, that there is reasonable ground to believe that the judgment debtor has property subject to execution, or has conveyed or attempted to convey it with a design to defraud creditors.

7. ———: ———: **Affidavit for Order: Sufficiency.** An affidavit in support of an order for the examination of a corporation judgment debtor and its officers, after return of the execution unsatisfied, under Sec. 2248, R. S. 1909, *et seq.*, which avers that the affiant is informed and believes that defendant has property subject to execution, but does not aver that it has conveyed or attempted to convey its property to defraud its creditors, and which avers that the property subject to execution and which it has concealed, consists of unpaid liability of stockholders, and that the officers are familiar with the facts concerning the identity of the stockholders · and their residence and the extent of their liability, and that the officers are to be examined as to all other facts concerning the assets of the corporation, is insufficient to justify an order, since the only asset it shows the execution debtor possessed was unpaid stock subscriptions and the names of the delinquent stockholders are to be ascertained, and their liability enforced, in a different character of proceeding.

## Habeas Corpus.   Original Proceeding.

Writ AWARDED.

*William Hilkerbaumer* for petitioner.

(1)  The affidavits filed by plaintiff praying for an examination of the judgment debtor are insufficient to support the order of March 10, 1913, because they do not state facts sufficient to entitle plaintiff to such order.  They state that plaintiff "is informed and believes and has reasonable ground to believe that defendant has property subject to execution."  This is not a compliance with the statutes which requires that it must appear to the court that there is reasonable ground to believe that the judgment debtor has property.  The plaintiff's belief on the subject, or whether he has reasonable grounds, is immaterial and cannot justify the order.  The affidavits should state sufficient facts from which the court can find that there is reasonable ground to believe that the judgment debtor has property.  R. S. 1909, sec. 2249; Ackerman v. Green, 201 Mo. 231; 107 Mo. App. 349.  (2)  The circuit court had no power under the statute to issue an attachment for this petitioner, and has no power to punish him for contempt for failure to appear for the reason that the statute in express terms limits the power of the court to attaching and punishing the judgment debtor.  R. S. 1909, sec. 2249; Ackerman v. Green, 201 Mo. 244, citing Schroerer v. Christophel, 64 Mo. App. 83, and Baker v. Railroad, 36 Mo. 545; 36 Cyc. 1172, 1188.  (3)  The statute has no application to corporations.  This for the following reasons:  (a) It is apparent from a reading of sections 2248, *et seq.*, that a corporation was not in the legislative mind when the statute was enacted.  (b)  There are other statutory remedies for the relief of creditors of corporations, particularly where, as here, unpaid stock liability is sought to be reached.  See Secs. 3004-5, R. S. 1909, providing for execution against stockholders and securing the necessary information for such proceeding.  (c)  Only the judgment debtor can be examined and the examination must be under the oath of the judgment debtor.  A corporation cannot take

an oath.   (d)   The examination of this petitioner would not be a compliance with the statute, as it would not be an examination of the judgment debtor under the oath of the judgment debtor, but would be an examination under the oath of petitioner.   R. S. 1909, secs. 2248 to 2253, 3004-5; Ackerman v. Green, 201 Mo. 231; 36 Cyc. Law & Proc., pp. 1172, 1188; Schroerer v. Christophel, 64 Mo. App. 83; Fiedler v. Const. Co., 162 Mo. App. 540; N. Y. Civil Code of Proc., secs. 2463, 1784, 1809-12; Levy v. Piano Co., 39 N. Y. Supp. 409; Stephens v. Page, 24 N. Y. Supp. 698; 10 Cyc. 1143.

*Fordyce, Holliday & White* and *Fred Armstrong, Jr.,* for Albert S. Baker.

(1)   Sec. 2248, R. S. 1909, provides for the examination of "any judgment debtor" under certain circumstances (the existence of which in the present case is not denied) provided section 2249 has been complied with.   Sec. 2249 provides that before an order for such examination shall issue it must be "made to appear to the court, or judge or justice by affidavit or other evidence satisfactory to the court, or judge or justice that there is reasonable ground to believe that such judgment debtor has property subject to execution."   (a)   The verified petition for examination in the present cause is alone sufficient affidavit to justify the issuance of such an order.   Ackerman v. Green, 201 Mo. 231.   (b)   The acts of courts of record are presumptively valid and if the verified petition for examination is not alone sufficient, it will be presumed in the absence of proof to the contrary that there was "other evidence satisfactory to the court" to justify the issuance of the order.   (c)   Not only are the acts of courts of record in general presumptively valid, but in this instance petitioner is held prisoner under a writ valid on its face, and he must affirmatively prove its invalidity, if it is invalid.   Sec. 2474, R. S. 1909;

Ex parte Bowler, 16 Mo. App. 14; Ex parte Krieger, 7 Mo. App. 367; In the matter of Clark, 126 Mo. App. 401; In re McBride, 158 Mo. App. 452. (2) Sec. 2248 covers the examination of a corporation through its officers. Sec. 8054, R. S. 1909; Secs. 3003, 3014, 3016; 17 Cyc. 1411, and cases cited; 21 Cent. Dig. sec. 1106ff; 8 Dec. Dig., sec. 372ff; Bates v. International Co., 84 Fed. 518; Wallace v. Sawyer, 54 Ind. 501; Hammond v. Hudson River, etc., 11 How. Pr. 29; Curtois v. Harrison, 12 How. Pr. 359; Tompkins v. Floyd, 19 Ind. 197; Steel v. Trading Corporation, 6 B. C. 158; Hamilton v. Stewiacke, etc. Co., 30 N. S. 92; Logan v. McCall Pub. Co., 140 N. Y. 447; Bank v. Harrison, 57 Mo. 503; Shockley v. Fisher, 75 Mo. 498. (3) If section 2248 does cover the examination of a corporation the court can enforce such examination by appropriate common law remedy if the remedy is not provided in the statute. Cummings v. Winn, 89 Mo. 51; Householder v. Kansas City, 83 Mo. 488; 1 Cyc. 700; 1 Dec. Dig. 279; 1 Cent. Dig. 1261; Hickman v. Kansas City, 120 Mo. 110. (4) Frank G. Koehler personally has no right to object to the examination any more than a witness has a right to object to examination. Ackerman v. Green, 201 Mo. 241.

REYNOLDS, P. J.—In May, 1909, one Baker brought his action against the Standard Truck & Forging Company, a corporation, the action brought in the circuit court of the city of St. Louis. Service was had on the corporation defendant, as appears by the return of the sheriff to the summons in that action, by delivering a copy of the writ and petition to one Frank G. Koehler, its president. The corporation defendant appeared, demurred, that being overruled, filed an answer, the cause was set for trial, both parties appeared by their attorneys and introduced witnesses, the defendant, among other witnesses, introducing Mr. Koehler, who testified that he was presi-

dent of the defendant corporation. This occurred in December, 1910. A motion for new trial was filed by the defendant and sustained. The cause was afterwards set for trial on the 2d of April, 1912, plaintiff appearing, but defendant not appearing, judgment was rendered against the defendant for $4983.12 and costs. No appeal was ever taken from this judgment. Afterwards an execution was issued on this judgment and returned *nulla bona* and on October 23, 1912, plaintiff filed a petition in which is set out the recovery of the judgment, the issue of the execution and the return of that by the sheriff *nulla bona*. The motion or petition then proceeds:

"Plaintiff further states that he is informed and believes, and has reasonable ground to believe, that the defendant herein has property subject to execution and that among said property is an unpaid stock liability of various stockholders in said defendant company, but that the names of said stockholders are unknown to plaintiff.

"Wherefore, plaintiff prays that, in accordance with section 2248 of the Revised Statutes of Missouri, 1909, this court require said defendant to appear before this court at a time and place in such order to be named, to undergo an examination under oath, touching its ability and means to satisfy said judgment.

"Plaintiff further prays that this court require defendant to respond to this order in the person of its president, Frank G. Koehler, its secretary, William Schwarting, and such other officers and agents as may be familiar with all or any part of the facts concerning the identity of its stockholders, their present residence, the extent to which their stock may have been paid and the manner in which payment was made, if any, and all other facts concerning the property and assets of the company."

This motion or petition is signed, "Albert S. Baker, by Fred Armstrong, Jr., Attorney," and to it is attached an affidavit to the effect that "Fred Armstrong, Jr., being on his oath duly sworn, deposes and says that all the facts stated in the above motion are true according to his best knowledge and belief." This is signed, "Fred Armstrong, Jr.," and the customary jurat affixed by a notary public. Nothing appears to have been done under this motion but afterwards what is called a "Renewed Motion for Examination of Defendant" was filed. This renewed application after setting out the filing of the former one, then recites that:

"Whereas the granting of an order in pursuance of said motion was opposed by the defendant and others, necessitating a consideration of said matter by the court and a continuance from time to time and from court term to court term of said matter; and

"Whereas after a full consideration of said matter this honorable court granted an order in accordance with said motion overruling all objections to the issuing of said order; but,

"Whereas some question has been raised as to the validity of said order on the ground that proper orders of continuance were not entered by the court to maintain the matter on its docket from time to time and from term to term;

"Now, without admitting that the order heretofore issued by the court for the examination of defendant in accordance with said previous motion is invalid, but merely in order to place the matter beyond possible dispute, plaintiff herein renews and again makes his application for examination of the defendant and hereby files this, his motion for examination of defendant, as follows:"

Then follows the former motion, which is copied into this renewed motion verbatim. This is signed,

"Fred Armstrong, Jr., Attorney," who makes affidavit before a notary public that the facts stated in the above motion are true according to his best knowledge and belief.

It is recited in the petition for the writ of *habeas corpus* that proof of service of the order requiring defendant, in the person of its president, to appear and undergo an examination under oath touching the ability of the defendant to satisfy judgment rendered in the cause was filed. This is the order which appears to have been made by the court:

"It appearing to the court that heretofore, to-wit: on the 10th day of March, 1913, an order was made by this court in the above cause, requiring the defendant in the person of its president, Frank G. Koehler, its secretary, William Schwarting, and such other officers and agents as may be familiar with all or any part of the facts concerning the identity of its stockholders, their present residence, the extent to which their stock has been paid, and the manner in which said payments were made, if any; and all other facts concerning the property and assets of the defendant company, to appear in this court and in Division No. 9 thereof, on March 14, 1913, at 10 o'clock a. m., then and there to undergo an examination, under oath, touching the ability and means of the defendant to satisfy the judgment rendered in this cause in favor of plaintiff and against defendant on the 2d day of April, 1912, for the sum of $4983.12, interest and costs; and it further appearing to the court that the sheriff of the city of St. Louis has made return on said order, by delivering a copy of the same to the within named Standard Truck & Forging Company and Frank G. Koehler, on the 13th day of March, 1913, and that William Schwarting cannot be found in the city of St. Louis; and it further appearing to the court that said defendant and its president Frank G. Koehler has failed to com-

ply with said order made and entered March 10, 1913, although duly called, now come not; upon motion of plaintiff by attorney, it is now ordered by the court that the sheriff of the city of St. Louis be and he is hereby commanded to attach Frank G. Koehler by his body and him safely keep so that he have his body before this court and in Division No. 9 thereof on Friday, March 21, 1913, at 10 o'clock a. m., then and there, to testify and the truth to say, as far as he may be familiar with all or any part of the facts concerning the identity of the stockholders of the Standard Truck & Forging Company, their present residence, the extent to which their stock has been paid, and the manner in which said payments were made, if any, and all other facts concerning the property and assets of the defendant company, and to undergo an examination, under oath, touching the ability and means of the said defendant company to satisfy the judgment heretofore rendered in this cause and also to answer to a contempt of this court in having failed to comply with the order heretofore made and entered in this cause March 10, 1913, a copy of which was duly served upon said Frank G. Koehler by the sheriff of the city of St. Louis.''

Under this order of attachment the petitioner Koehler was taken into custody by the sheriff of the city of St. Louis and applied to a judge of this court, in vacation, for discharge under the provisions of the habeas corpus act.

The petition for the writ of habeas corpus sets out, among other matters, that Koehler, the petitioner, is not a party to the action in which Albert S. Baker is plaintiff and the Standard Truck & Forging Company, a corporation, is defendant; that the only pretext or reason for issuing a writ of attachment against the petitioner is his failure to appear in the circuit

court on the 14th of March, 1913, in response to the
order of the court of date March 10, 1913, requiring
that corporation to appear to be examined as to its
ability to satisfy the judgment rendered in the cause,
a copy of the order being attached to the petition and
being the one heretofore set out by us; that said order,
made on the affidavit and renewed affidavit before re-
ferred to, was made without any notice having first
been given the petitioner and without any order, cita-
tion, subpoena, or other process having first been is-
sued, requiring him to appear in court at that time
except as set out in the papers before copied.   The
petitioner avers that the order of March 10th does not
require respondent to appear in court; that the court
had no power or jurisdiction to make the order; that
the affidavits therefore show upon their face that they
do not state facts sufficient to give the circuit court
authority or jurisdiction to make the order; that the
petitioner had filed an affidavit in the proceeding show-
ing that he was not, at the time the original appli-
cation was filed, either the president or any other
officer of the corporation and had no right or author-
ity to appear for it, and that the facts stated in the
affidavit made by your petitioner were not denied by the
plaintiff in the proceeding.   The petitioner now states
in this application for the writ of habeas corpus that
he was not at that time and is not now and has not
been for many years, the president or other officer of
the corporation and that the court has never ascer-
tained or found it was a fact that the petitioner is
or was at any such time the president or other officer
of the corporation.   It is further averred in the pe-
tition for the writ of habeas corpus that the circuit
court had no jurisdiction or power to require the cor-
poration to appear in court and undergo examination
as a judgment debtor; that it has no jurisdiction or
power to require the corporation to appear in court in

the person of the petitioner or to require the petitioner to appear in court as president or other officer of the corporation under the facts stated in the application or in the order; that the order was never served on the defendant corporation; that the return of the sheriff to the service of the order on the defendant is false and the recital therein "that your petitioner is the president of the corporation is untrue," and that the circuit court has acquired no jurisdiction over the judgment debtor. Averring that no application for the relief sought herein has been made to or refused by any court or officer superior of this court, the petitioner prays that the writ of habeas corpus be granted, directed to the sheriff of the city of St. Louis, commanding him to have the body of Frank G. Koehler, petitioner, before the judge of our court to whom this application was presented, at a time and place herein to be specified, etc. This is signed and sworn to by the petitioner.

The sheriff made return to it in due time, setting up the before-mentioned writ of attachment as his authority for holding the petitioner, and the cause was set for hearing before the court.

By leave of court the attorneys representing the plaintiff in the before-mentioned judgment have appeared and filed a statement and brief in support of the action of the circuit court, and the cause has been submitted to us on written and printed arguments of counsel for petitioner and for the judgment creditor, the latter as for the sheriff.

Evidently this proceeding under and by which the petitioner has been attached and is held, is sought to be sustained on the authority of sections 2248, 2249, Revised Statutes 1909. Section 2248 provides, in substance, that when an execution against the property of any judgment debtor issued from any court in this State shall be returned unsatisfied in whole or in part

by any sheriff or other proper officer, the judgment creditor in the execution may at any time within five years after the return so made be entitled to an order by the court in which the judgment was rendered, requiring the judgment debtor to appear before the court at a time and place in the order named to undergo an examination under oath touching his ability and means to satisfy the judgment, "and in case of neglect or refusal on the part of such judgment debtor to obey said order, such court . . . is hereby authorized to issue a writ of attachment against said debtor, as now provided by law, and to punish him for contempt." Section 2249 provides that the order above provided for shall issue only in case it is made to appear to the court "by affidavit or other evidence satisfactory to the court or judge or justice, that there is reasonable ground to believe that such judgment debtor has property subject to execution, or has conveyed or attempted to convey his property, with a design to defraud, hinder or delay his creditors—such affidavit to be made to the best of the knowledge and belief of the affiant." The remaining sections down to and including section 2253, provide for carrying on this examination and for the filing of an opinion by the court upon the result of the examination, in the event that there is a finding that the debtor is possessed of property subject to execution. These provisions appeared in our law for the first time in 1865, where by act approved February 16, 1865 (Laws 1864-1865, p. 271), they were adopted as they now appear in our revision with some slight changes made in what is now section 2248, by an act approved March 24, 1887 (Laws 1887, p. 187), and by some verbal changes made in section 2249 by the compilers of the revision of 1889, but they have been substantially in the shape that they now appear ever since 1865. Prior to the adoption of our code, a disclosure of documents as well as of testimony

desired from the parties to the suit or action was made under the old chancery practice by bills of discovery. These bills of discovery were not only provided for in all our laws down to 1849, when our present code was adopted, but were recognized as an appropriate mode of procedure in several decided cases. They were rendered necessary for the reason, among others, that parties to the cause were generally not called as witnesses by the adversary party and taking their testimony by way of depositions in advance of the trial of the cause was practically an unknown procedure. Since the adoption of our code, bills of discovery, as such, have, while not abolished in so many words, fallen into disuse, until, as held in many decisions, they are no longer allowed, chiefly for the reason that the changes made by the code have done away with the necessity for a resort to that mode of securing testimony. [See Vogelsong v. St. Louis Wood Fibre Plaster Co., 147 Mo. App. 578, 126 S. W. 804, and cases there cited.] While our code permitting the examination of parties to a cause by means of depositions, as well as at the trial, obviates the necessity of a resort to the bill of discovery, these sections 2248 and following, may be said to have many of the characteristic of the old bill. Thus, as with a bill of discovery, so by these provisions, their object is to elicit testimony and place it of record in court for use by the parties in proceedings to which it was applicable. That is effected by section 2251, which provides that if it appears by the examination that the debtor owns property which ought to be applied to the payment of the judgment, the court delivers an opinion in writing to that effect and files it—but it is provided that this opinion "shall have no other or different effect in law, as to title, than as herein provided." Referring to the practice under bills of discovery, Mr. Justice Story says (Story's Equity Pleading (10 Ed.), sec. 312, "that

a bill of discovery properly so called, never prays any relief.'' So it will be seen by the above section is the case with our statute.

Referring to bills of discovery, Mr. Justice STORY says in the same work (section 317): ''One of the fundamental rules of this branch of equity jurisprudence is, that the plaintiff is entitled only to a discovery of what is necessary to maintain his own title; as, for example, of deeds under which he claims. But he is not entitled to have a discovery of the title of the other party, from whom he seeks the discovery;'' while in section 318, Judge STORY says that the title and interest in the plaintiff ''must be shown to be present and vested; for, where the plaintiff in his bill shows only the probability of a future title or interest upon an event, which may never happen, he has no right to institute any suit concerning it, either for discovery or for relief.''

Another fundamental rule applied in bills of discovery was, that their operation was confined to the parties to the suit or action.

In 2 Daniell's Chancery Pl. & Pr. (6 Am. Ed.), *p. 1558, it is said: ''A bill of discovery, in aid of proceedings in another court, cannot be maintained against a person who is not a party to such proceedings.''

In Queen of Portugal v. Glyn, 7 Clark & Finnelly's Rep., 466, it is held that a bill of discovery in aid of a defense to an action, cannot be sustained against a person who is not a party to the record at law; they are permitted for the purpose of obtaining from the adversary at law a discovery of matters, which, being admitted by him, may aid in the defense to the action, but not for the purpose of obtaining evidence; a bill of discovery does not lie against a person who may be a witness for the defendant to the action. This was a case in which a bill of discovery was

sought by the defendant but it is just as applicable where it is brought by plaintiff.

In Manchester Fire Assurance Co. v. Wykes, 33 Law Times Rep. (N. S.) 142, it is held that a bill of discovery in aid of an action at law cannot be sustained against a person who is not a party to the record, although he might in point of fact be the only person interested in the result of the action. The point was held the same way in Kerr v. Rew, 5 Mylne & Craig's Rep. 154. The rule was again so stated in Balls v. Margrave, 3 Beavan, 448, it being there held that the practice as to bills of discovery brought in aid of an action at law does not permit any person to be made a defendant to a bill of discovery in aid of an action who is not a party to that action.

Our own Supreme Court in Nancy v. Trammel, 3 Mo. 306 (top page 216, republication 1843), recognizes this same rule as in force when our courts were proceeding under the old chancery practice; that is, a bill of discovery only lay between the parties of record to the cause and did not reach information or documents or testimony in the hands of or possessed by parties other than the parties of record.

It would appear, by examination of these sections of our statute, that this same rule has been followed, and that these sections are applicable alone to, and are not intended by our legislators to reach beyond the parties to the cause; that they do not subject those not parties of record to proceedings under them. Their verbiage surely is susceptible of no other construction. In so many words it is provided that it is the defend-ant in the judgment and execution who is to be sub-ject to examination. Here the defendant is a corporation, not an individual. Can we apply these provisions to a corporation by summoning its officers?

We are cited to section 8054, R. S. 1909, and kin-dred sections which provide that when the word "per-

son'' is used, it shall be held to include corporations. But we are unable to see how that helps the case. Granting that the word ''person'' includes a corporation, and that the defendant is a corporation, there is no escape from the proposition that the examination is confined to that of the defendant in the action and as to its ability to pay. Conceding that a corporation can only answer by and through its officers, where is there in section 2248 and those following, any authority to subject the officers of the corporation to these sections? It is provided in this section 2248 that ''in case of neglect or refusal on the part of such judgment debtor to obey such order,'' the court ''is hereby authorized to issue a writ of attachment against said debtor, as now provided by law, and to punish him for contempt.'' The writ of attachment here referred to is of the person, not of the goods of the corporation, or of the individual, but of the person. As we held in Fiedler v. Bambrick Construction Co., 162 Mo. App. 528, l. c. 538, *et seq.*, 142 S. W. 1111, corporations in contumacy are reached, not by attachment and fine of their officers, unless personally in contempt, but by distringas or writ of sequestration. So that it is clear that the lawmaker did not have corporations in mind when enacting these statutes.

That corporations, corporate officers, are not within the words of the statute seems too clear for argument. That this is an omission of the lawmakers is not even apparent, for by the provisions of our laws ample means are afforded for reaching information as to assets of corporations. Furthermore, under our laws, corporations, artificial bodies acting through their officers and boards of directors, cannot hide assets as can an individual. Their acts are generally written in their records; these can generally be reached and produced. So that there is not the opportunity for concealment as in the case of individuals. The petitioner here is in no sense the debtor in the execu-

tion. It is not pretended that he owes the plaintiff, nor that he had concealed assets of the corporation defendant.

Furthermore this is a highly penal statute. The recalcitrant witness, defendant in the execution, is subject to punishment on attachment as for contempt if he refuses to attend, submit to examination and make answer.

We cannot extend such a statute by construction to anyone not clearly within its letter. These sections of the statute provide a new and extraordinary remedy. They "must be construed strictly, both as to the cases embraced within their terms and as to the methods to be pursued." [36 Cyc., p. 1188, sec. 8.] They provide for summary proceedings, "and strict conformity to the statute, in the exercise of the jurisdiction it confers, is essential to the regularity and validity of the proceeding." [36 Cyc., p. 1189, sec. b.]

We are referred to no case whatever, under a statute similar to ours, in which it is held that any but the defendant in the execution is subject to the provisions of section 2254. The few cases that have been before our courts construing these sections, namely, State ex rel. Ames v. Barclay, 86 Mo. 55; In re Frederick Knaup, 144 Mo. 653, 46 S. W. 151; Ackerman v. Green, 201 Mo. 231, 100 S. W. 30; Murphy v. Wilson, 84 Mo. App. 178; Ackerman v. Green, 107 Mo. App. 341, 81 S. W. 509, are all cases in which the proceeding was against the debtor in the execution. They all, it is true, happened to be individuals but there is no suggestion whatever in any of these cases that the court has any power to compel by attachment or other process anyone other than the defendant in the judgment and execution, to appear and submit to an examination for the discovery of assets said to be concealed by the debtor and attempted to be put beyond the reach of the debtor's creditors.

These sections are not intended as a substitute for procuring evidence from witnesses generally. Their sole purpose is to secure the testimony of the defend- ant in the execution. No witness but the defendant in the execution is to be examined.

Nor are they intended as a substitute for procuring the evidence that is here sought to be elicited. The very petition or application or motion, which ever it may be called, discloses that the object of the judgment creditor is to have this petitioner, alleged to be an officer of the corporation, disclose the names of the stockholders of the corporation and the payments made by them to the corporation on the stock subscriptions or holdings. In some of its aspects the claim of the plaintiff in this execution, the judgment creditor, is very much like that of the plaintiffs in Blanke v. St. Louis-Sonora Gold & Silver Mining Co., 35 Mo. App. 186. There the plaintiff sued on behalf of himself and all other creditors of the defendant corporation, to compel the defendant corporation to disclose the names of its stockholders and the amount paid by them on their stockholdings. Judge THOMPSON, who wrote the opinion of this court, agreed to by all the members, holds that no such action is maintainable, because the statute affords a complete remedy for the collection of unpaid subscriptions on capital stock, and it may also be said that it provides in express terms for the manner in which the names of stockholders in the corporation shall be obtained through the sheriff from the secretary or person in charge of the corporate books. [R. S. 1909, secs. 3004, 3005.]

Nor does it appear by the motion and affidavit filed, or by anything in the record, that in issuing the order the trial court found from evidence before it that there was reasonable ground to believe that the judgment debtor had property subject to execution, as the court is required by section 2249 to find.

With these remedies open to the judgment creditor we have no doubt, irrespective of the question of the right to call and examine and attach and punish an officer of a corporation, for failure to appear as a witness and be examined in a cause in which he is not the defendant, that there is not here presented a situation warranting the trial court in issuing an attachment against this petitioner, assuming that he is the president of the corporation, himself not a, party of record to the action. All that is said as to this is, that the affiant is informed and believes "that the defendant herein has property subject to execution." It is not averred, as required by section 2249, that the defendant has conveyed or attempted to convey its property with a design to defraud, hinder or delay its creditors. That no general averment of possession of property or concealment of property is here meant, is clear. What is meant by the averment that defendant has property subject to execution and has concealed it, etc., is qualified and explained by the following averment that the property is the unpaid liability of various stockholders. In the order for the attachment it is set out as a reason for citing the petitioner as president, and the secretary of the company, that they are familiar with all or part of the facts concerning the identity of the stockholders, their present residence, the extent to which their stock has been paid and the manner in which such payments were made. It is true that this is followed by the general statement, as in the motion, that they are to be examined and testify as to "all other facts concerning the property and assets of the defendant company." Whether these properties and assets are "subject to execution" (Sec. 2249) is nowhere averred. While our Supreme Court held in Ackerman, Admr. v. Green, supra, following the same case in our court (107 Mo. App. 341) that the allegations in these motions are not required to be as specific as in a petition, and that general allegations

are good, an examination of what are then held good as general allegations upon which the averment of belief that the debtor has concealed assets subject to execution were sufficient, shows that they are definite as compared with those before us, much more particular than any here set out. As said before, the only specification here of property subject to execution is alleged unpaid stock subscriptions, the names of stockholders, and these, as are here seen, are to be ascertained and reached by an entirely different proceeding. We hold that there is no case here made subjecting this petitioner to the provisions of these sections of the statute.

Whether the affidavit required by section 2248 may be made by anyone but the judgment creditor, that creditor an individual and not a corporation, is neither considered nor determined; nor do we determine whether the petitioner, as an individual or even as an officer, can be brought in without notice of the intended application, he not being the defendant—it having been held in Ackerman v. Green, supra, and other cases above cited that the defendant is not entitled to notice; nor do we pass on any of the other points made and raised in the petition, return and by counsel, confining our decision to the propositions expressly covered by us, namely, that this statute does not reach corporate officers and that this petitioner is not subject to its operation, he not being the debtor.

The order of the circuit court directing the petitioner to appear and be examined as a witness and the attachment issued on his failure to do so, to compel him to appear and his arrest under that attachment are void. The petitioner is discharged. *Nortoni* and *Allen, JJ.,* concur.