## DUPARQUET et al. v. FAIRFIELD.

(*Supreme Court, General Term, Third Department.* September 24, 1888.)

PLEADING—VERIFICATION—INFORMATION AND BELIEF—SOURCES.

A complaint, all of whose allegations are upon information and belief, is sufficiently verified by the affidavit of plaintiffs' attorney that he believes the allegations to be true, basing such information and belief upon letters received from plaintiffs, and admissions made to him by defendant concerning the matters alleged, without giving the substance of either letters or conversations.

Appeal from Albany county court; J. C. NOTT, Judge.

Action in the city court of Albany by Adele Duparquet and Pierre Duparquet against Charles Fairfield, survivor of himself and John Elmendorf, deceased, lately partners trading under the name of Fairfield & Elmendorf. Judgment by default for plaintiffs, and defendant appealed to the county court, where the judgment was reversed, and plaintiffs appeal to the general term. The verification of the complaint, the sufficiency of which was the sole question in the lower courts, was made by N. B. Spaulding, attorney for plaintiffs'; and, after alleging that he was such attorney, that he believed the allegations of the complaint to be true so far as made on information and belief, that plaintiffs did not themselves verify the complaint, because they did not reside in Albany county, where affiant resided, averred that affiant's "information as to all matters stated upon information and belief is derived from the admissions of the defendant to this deponent, and from letters received from said plaintiffs concerning the matters set forth in said complaint."

Argued before LEARNED, P. J., and LANDON and INGALLS, JJ.

*George H. Stevens,* for appellants. *W. C. McHarg,* for respondent.

LEARNED, P. J. A plaintiff may allege all his complaint on information and belief, and then may verify it. In that case there is really no fact positively sworn to. This shows that the verification of a complaint (simply as a complaint) is quite different from affidavits upon which orders of arrest and the like can be granted. In the latter, there must be positive statement of facts, from which the court can form its opinion. But, in the case of a complaint, no action can be had against the defendant until he has been served with a copy, and has had an opportunity to answer; and, when he answers, he does not answer any matters stated in the verification, but only the allegations of the complaint itself. Now, in this case, the plaintiff's attorney has stated his belief in those points of the complaint which are alleged on information and belief. He has stated that his information came from letters of the plaintiff, and conversations with the defendant. Such letters and conversations are therefore the grounds of his belief; for he says his belief rests on information, and he gives the source of his information. Nor has it ever been thought necessary to specify in detail the information. It would be a useless labor for the attorney, in such a case, to give a copy of the letters, or a full narration of the conversations. The defendant cannot suffer. He has only to deny the complaint, if it be untrue. If it is true, then he should make no denial. The verification only requires him to verify his answer. If he cannot do this, he ought not to defend. We are of opinion that the verification of the complaint, though not quite formal, was practically sufficient. The judg-

ment of the county court is reversed, and that of the city court affirmed, with costs.

LANDON and INGALLS, JJ., concur.