(99 App. Div. 20)

## In re FIRST NAT. BANK OF EARLVILLE.

### ELLIS v. RUGG et al.

(Supreme Court, Appellate Division, Third Department. November 16, 1904.)

1. SUPPLEMENTARY PROCEEDINGS—AFFIDAVITS.

An affidavit for the examination of a bank as a third person in supplementary proceedings, alleging that the judgment debtors had personal property in the custody of the bank exceeding $10 in value, on information and belief, without stating the sources of affiant's information or the

grounds of his belief, and alleging substantially only that the cashier of the bank had made statements to affiant from which he believes that the bank had such property, but failing to disclose what the cashier said to affiant, was insufficient to sustain an order for examination.

**2. SAME—RIGHT TO OPPOSE.**

Where an order for the examination of a bank in supplementary proceedings enjoined the bank from paying over or delivering the judgment debtors' property to them, and from interfering with such property, such debtors are entitled to oppose the order. ·

Appeal from Chenango County Court.

Supplementary proceedings, on the application of Gilbert L. Ellis against Adelbert Rugg and another, for the examination of the First National Bank of Earlville as a third person alleged to have moneys and credits belonging to the defendants. From an order denying a motion to vacate an order requiring the bank to appear and answer before a referee, the judgment debtors appeal. Reversed.

The judgment creditor, Ellis, recovered judgment against Adelbert and Mary Rugg on October 24, 1898, for $838.75 debt and $18.05 costs. A transcript thereof was duly filed and docketed in Chenango county November 14, 1898; and execution issued same day. On November 23, 1903, on the application of Ellis, an order was granted in supplementary proceedings against such debtor, by the county judge of that county, to examine the First National Bank of Earlville as a person having property belonging to such debtors, under section 2441 of the Code. A motion was subsequently made before such judge to vacate that order, and a decision made by him to vacate it, but before it was entered, and on March 1, 1904, such judge made a second order requiring the bank to appear on March 5th before a referee therein named, and through its cashier, Guy H. Clark, be examined under oath concerning any debt or property, etc., it held belonging to said debtors, as provided by said section 2441. Such order also enjoins the bank and the said debtors from disposing of or in any manner interfering with the property or debt concerning which the bank was required to be examined "until further direction in the premises." On March 5, 1904, such county judge, on the application of said judgment debtors, granted an order that said Ellis show cause before him at chambers on March 7th why such order of March 1st should not be dismissed on several grounds therein stated. On March 14th an order was made by such county judge denying the motion to vacate the order of March 1st, and amending the same by adding to it language making it clear that the injunction in such order was not intended to affect any property other than that on deposit, or in its control, to the credit of the said debtors or either of them, or in which they or either of them have an interest. From the order of March 14th so refusing to vacate the order of March 1st this appeal is taken.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

George P. Pudney, for appellants.
Dayton F. Smith (C. A. Hitchcock, of counsel), for respondent.

PARKER, P. J. One of the grounds upon which the judgment debtors applied to the county judge to vacate the order of March 1st was that he had no jurisdiction to make it, because of the insufficiency of the affidavit upon which it was granted. It was granted upon the affidavit of E. W. Cushman, made February 24, 1904, and his statement therein that the bank had personal property of the judgment debtors exceeding $10 in value is made entirely upon information and belief, and does not state the "sources of his

information and grounds of his belief." Substantially it states no more than that the cashier of such bank, who had charge of its business, made statements to him from which he believes that the bank had such property. What the cashier said to him is not disclosed. Not a single fact is stated which would tend, if true, to convince the judge that the bank had any such property—merely that from what the cashier said to him the affiant thinks it had. This was not "competent evidence" which should "satisfy a judge," and hence the applicant was not entitled to the order. "The opinion of the affiant is not a fact upon which the judge's conclusion may be based." Duparquet v. Fairchild, 49 Hun, 471, 472, 2 N. Y. Supp. 264; First National Bank of Hoosick Falls v. Wallace, 4 App. Div. 382, 384, 38 N. Y. Supp. 851; Matter of Parrish, 28 App. Div. 22, 50 N. Y. Supp. 735; Delafield v. Armsby Co., 62 App. Div. 262, 71 N. Y. Supp. 14; Citizens' National Bank of Towanda v. Shaw, 46 Hun, 589. And particularly should such an affidavit be held insufficient to sustain an injunction against the disposal of one's property.

It is claimed that the judgment debtors have no standing in court to oppose the order in question. But the order enjoins the bank from paying over or delivering to them their property, and it even enjoins them from interfering with such property. For that reason they have the right to challenge the sufficiency of the proof upon which the county judge assumed to grant the order.

For these reasons, without discussing the further grounds urged by the judgment debtors against the jurisdiction of the county judge, the order appealed from must be reversed, with costs of this appeal, and the order of March 1st should be vacated with $10 costs of that motion. All concur.